In Re: Condemnation by the Commonwealth of Pennsylvania, Department of Transportation, of Right of Way for Legislative Route 4, Sec. 30. Estate of Stanley Croop, Deceased. Commonwealth of Pennsylvania, Department of Transportation, Appellant.

Argued April 6, 1976, before President Judge Bow-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Roger T. Shoop,* Assistant Attorney General, with him *Edward D. Werblun,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellant.

*Clifford Cappellini,* with him *Raymond J. Sobota, Arthur L. Piccone,* and *Cardoni, Coslett, Cappellini, Sobota & Piccone,* for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, June 16, 1976:

In this eminent domain case, invocation by the parties of the Act of April 22, 1874, P.L. 109, *as amended,* 12 P.S. §688 et seq., dispensing with trial by jury on appeal to the court below from an award of viewers has generated the issues raised in this appeal.

The Pennsylvania Department of Transportation (PennDOT) by declaration of taking condemned for road improvement purposes 5.31 acres of an 885 acre tract of land owned by the estate of Stanley Croop (appellee) situate in Hunlock Township, Luzerne County. A board of viewers had awarded appellee $227,503.73 in damages, from which award both parties appealed. After a nonjury trial, the trial judge rendered a verdict of $464,569.00 in damages. Exceptions to the verdict were filed by PennDOT, but the majority of the court below refused to consider them on the merits, having concluded that the exceptions were not timely filed as prescribed by Section 2 of the Act of 1874, 12 P.S. §689. The trial judge dissented, being of the opinion that the procedural provisions of the Act of 1874 were suspended by the Pennsylvania Rules of Civil Procedure. Specifically, he found that Pa. R.C.P. No. 1038 was applicable, thereby affording recognition to an agreement of counsel extending the time allotted to PennDOT to file exceptions which could be recognized because timeliness in filing exceptions would then not be a *jurisdictional* issue. The trial judge in his dissenting opinion considered PennDOT's exceptions on the merits, and would dismiss all of them except one asserting that the verdict he rendered was excessive.

Post-trial procedures and dates thereof are critical to the issues here involved, as are the applicable provisions of the Act of 1874.

This section in pertinent part provides: "The decision of the court shall be in writing . . . and shall be *filed* in the office of the prothonotary . . . as early as practicable, not exceeding sixty days from the termination of the trial, and *notice thereof* shall be *forthwith* given by the prothonotary . . . to the parties or their attorneys, and if no exceptions thereto are filed in the proper office within thirty days *after ser-*

*vice of such notice* judgment shall be entered thereon by the prothonotary. . . .'' (Emphasis added.)

The trial judge's verdict is dated February 23, 1973, and it is this date upon which the majority of the court below relies in concluding that PennDOT's exceptions were not timely taken as prescribed by Section 2 of the Act of 1874. However, the verdict was not filed in the prothonotary's office until February 28, 1973—a critical fact not noticed by the court below or the parties—and, so far as disclosed by the record below, the prothonotary has yet to give the parties notice of the filing and record this event upon his docket. PennDOT's exceptions were filed on March 29, 1973, which date is within thirty days of the filing of verdict in the prothonotary's office, and without regard to the implications arising out of the failure of the prothonotary to give the required notice on an issue of timeliness. *Nixon v. Nixon,* 329 Pa. 256, 198 A. 154 (1938); *see Iannotta v. Philadelphia Transportation Company,* 11 Pa. Commonwealth Ct. 156, 312 A.2d 475 (1973). Those who live by the sword of procedural niceties can fall prey to the same sword. Such is the case here.

We reverse the court below as the record clearly discloses that PennDOT's exceptions were filed within thirty days of the filing of the verdict in the office of the prothonotary, and this is with the gratuitous assumption that the prothonotary gave notice of the filing of the verdict on the same day it was filed with him.

Yet another reason exists for our reversal. It is agreed that after the verdict was rendered (February 23, 1973), counsel for the parties stipulated to an ''extension'' of time in which PennDOT could file exceptions, which ''extended'' time limitation was met, but which agreement of counsel was declared ineffectual by the majority of the court below on the theory that

the procedural provisions of the statute must be strictly pursued. Serious doubt exists as to this conclusion. In *Kassab v. Central Soya*, 432 Pa. 217, 246 A.2d 848 (1968), a nonjury trial under the Act of 1874 was conducted, and by agreement of counsel, the mandate of Section 2 of the Act of 1874 that the judge's verdict be in writing was not complied with. One party later contended that this was reversible error because of the mandatory nature of the statutory requirement.

"Such a contention evokes little sympathy from this Court. We are not here dealing with a constitutional right, a waiver of which is always approached with the utmost caution. Instead, this is a civil action wherein both parties are represented by counsel. That these lawyers, along with the trial judge and in open court, agreed to waive the formal requirements of a procedural statute in order to make the trial proceed in a more expeditious manner cannot form the basis for an attack upon that court's decision by the litigant now unhappy with his choice. To be sure, we have found *no authority whatsoever for holding the Act of 1874 mandatory when both parties agree to relax its provisions.*" *Kassab, supra,* 432 Pa. at 222-23, 246 A.2d at 850. (Emphasis added.)

Compare *Singer v. Oil City Redevelopment Authority*, 437 Pa. 55, 261 A.2d 594 (1970), in which appellant had *never* filed exceptions as to the point of law which the Supreme Court held not to be perfected on appeal.

Finally, the trial judge in his dissenting opinion concluded that Pa. R.C.P. No. 1038 controlled as Section 2 of the Act of 1874 had been suspended by this rule. The majority opinion reached a different conclusion, in essence finding that Section 2 of the Act of 1874 has been suspended only as to causes of action within the ambit of the Pennsylvania Rules of Civil Procedure, which do not include eminent domain pro-

ceedings. Recently we held in *Department of Transportation v. Ambrosia*, 24 Pa. Commonwealth Ct. 8, 354 A.2d 257 (1976), that the Pennsylvania Rules of Civil Procedure do not apply to proceedings under the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-101 et seq.

The order of the court below is reversed and the matter is remanded to it for consideration of PennDOT's exceptions on their merits.

Judge KRAMER did not participate in the decision in this case.