Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* Ivan W. and Kathryn M. Hess, Appellees.

28

Argued October 6, 1980, before Judges MENCER, ROGERS and PALLADINO, sitting as a panel of three.

*Sandra L. Guydon*, with her *Martin Burman, Scott M. Olin*, Special Assistant Attorney General, *Ward Williams*, Chief Counsel, and *Edward G. Biester*, Attorney General, for appellant.

*Arthur L. Jenkins, Jr.*, with him *H. Ober Hess*, for appellee.

OPINION BY JUDGE ROGERS, November 25, 1980:

The Commonwealth, by the Department of Transportation, condemned about 16 acres of the 200 acre farm of Ivan W. and Kathryn M. Hess located in Limerick Township, Montgomery County by Declaration of Taking filed November 23, 1971. A jury of

view awarded the condemnees $110,000 in damages and fixed November 23, 1971 as the date for the beginning of the period to be used in computing compensation for delay in payment of compensation pursuant to Section 611 of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-611, which provides:

The condemnee shall not be entitled to compensation for delay in payment during the period he remains in possession after the condemnation, nor during such period shall a condemnor be entitled to rent or other charges for use and occupancy of the condemned property by the condemnee. Compensation for delay in payment shall, however, be paid at the rate of six per cent per annum from the date of relinquishment of possession of the condemned property by the condemnee, or if the condemnation is such that possession is not required to effectuate it, then delay compensation shall be paid from the date of condemnation: Provided, however, That no compensation for delay shall be payable with respect to funds paid on account or by deposit in court, after the date of such payment or deposit. Compensation for delay shall not be included by the viewers or the court or jury on appeal as part of the award or verdict, but shall at the time of payment of the award or judgment be calculated as above and added thereto. There shall be no further or additional payment of interest on the award or verdict.

The Department of Transportation appealed the jury of view award, asking for a jury trial.

On July 23, 1979, a pretrial settlement conference was conducted by a judge, in the course of which the parties agreed in writing to a verdict in favor of the

condemnees in the amount of $100,000 for damages for the take, "plus interest" (and $500 attorneys fees). The parties were unable to agree as to the date on which the period for the payment of compensation for delay (which they call interest) should commence. The fact upon which that decision would rest—when the Commonwealth got possession of the condemned parcel or conversely when the condemnee relinquished or no longer remained in possession—seems to have been left with the conference judge for decision. No record was made of the pretrial settlement conference other than the written verdict. By order dated the day of the conference, July 23, 1979, the conference judge, for the court, entered an order "that detention damages on the agreed verdict in the above matter should be computed from November 23, 1971," the date the Declaration of Taking was filed.

On July 24, 1979 the agreed verdict of $100,000 and $500 fee was entered in the judgment index and the judgment docket. On August 20, 1979 the Commonwealth filed a notice of appeal from the order of July 23, 1979 fixing the beginning date for delay compensation as the date of the filing of the Declaration of Taking. On September 28, 1979 counsel for the condemnees filed a praecipe for judgment on the "verdicts and Orders of the Court dated July 23, 1979, in that no exceptions have been filed pursuant to Pa. R. Civ. P. No. 1038(d)" and a deputy prothonotary signed the following inscription supplied by counsel for the condemnees with the praecipe:

AND NOW, this 28th day of September, 1979, judgment is entered as above set forth, in the sum of $100,000 dollars with detention damage from November 23, 1971, and costs of suit and $500 dollars attorney fee.

On the matters just described, the condemnees erect arguments for quashing the Commonwealth's ap-

peal. They are ineffective. It is first contended that the Commonwealth has waived any objection to the Court's order of July 23, 1979 concerning delay compensation by failing to file exceptions below. They have recourse to Pa. R.C.P. No. 1038(d). Rule Pa. R.C.P. No. 1038 and its subsections have only to do with trials in assumpsit by a judge sitting without a jury and has no application here. There was no trial in assumpsit before a judge without a jury. The matter of the date for the commencement of the payment of compensation for delay was submitted to the court, not for trial without a jury, but for a finding of fact necessary to make the computation described in Section 611 of the Eminent Domain Code. Moreover, and more harmful to the condemnees' thesis, is the fact that we have held, with specific reference to Pa. R.C.P. No. 1038, that the Pennsylvania Rules of Civil Procedure do not apply in Eminent Domain Code proceedings. *In re: Condemnation, Croop Estate,* 25 Pa. Commonwealth Ct. 185, 359 A.2d 838 (1976).

The condemnees next argue in support of their motion to quash that PennDOT's appeal from the court's order of July 23, 1979, filed August 17, 1979, was taken before the order had been entered in the judgment docket and that there was no appealable order in regard to detention damages until they, the condemnees, caused the deputy prothonotary to enter such on September 28, 1979.

Pa. R.A.P. No. 301 provides as follows:

RULE 301. Requisites for an Appealable Order

(a) Entry upon docket below. No order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court. Where under the applicable practice

below an order is entered in two or more dockets, the order has been entered and reduced to judgment for the purposes of appeal when it has been entered in the first appropriate docket.

. . . .

(c) Orders not appealable. A direction by the lower court that a specified judgment, sentence or other order shall be entered, unaccompanied by actual entry of the specified order in the docket, or a direction that a verdict of a jury be recorded or entered, or an order denying a motion for a new trial, does not constitute an appealable order. Any such order shall be reduced to judgment and docketed before an appeal is taken.

The condemnees say that the order concerning detention damages was not appealable until it, as distinguished from the elements agreed upon at the pretrial conference, had been entered in the judgment docket. As is apparent, Pa. R.A.P. No. 301(a) requires that an order to be appealable need only be entered in an appropriate docket, and Pa. R.A.P. No. 301(c) provides only that a direction by the court that an order be entered in a specified docket is not appealable until so entered. This court has jurisdiction of appeals from final orders of courts of common pleas in Eminent Domain proceedings. 42 Pa. C. S. §762(a)(6). The order appealed from in this matter is clearly a final order. This final order appears as a separate docket entry in the appearance docket of this lawsuit in the court below as item 9(1). Even if the applicable practice in Montgomery County is that of entering an order such as this in both the appearance and the judgment dockets, it was entered and reduced to judgment for the purposes of appeal under R.A.P. No. 301(a) when it was entered in the first appropriate,

the appearance, docket. Since there was no direction by the court that the order be entered in any docket, R.A.P. No. 301(a) requiring entry as specified in the court's order, is of no application. We will therefore dismiss the condemnees' motion to quash.

On the merits we are required to reverse and remand the record for an evidentiary hearing and new disposition of the matter submitted. We have carefully reviewed the record including the only evidentiary record, that of the jury of view hearing, and find no evidence supporting the date November 23, 1971, or any other date including December 24, 1974, the date advanced by PennDOT, as the date when the Commonwealth obtained or the condemnees relinquished possession. In this connection we point out that delay compensation is not payable during the period condemnees remain in possession after condemnation and that the mere filing of a declaration does not effect a condemnation for Section 611 purposes. *Govatos v. Redevelopment Authority of Montgomery County*, 11 Pa. Commonwealth Ct. 529, 314 A.2d 536 (1974); and that the exception provided with respect to condemnations "such that possession is not required to effectuate [them]" refers only to out-of-ordinary or exceptional situations in which the condemnation is not initiated by a Declaration of Taking. *Commonwealth v. Upholzer*, 18 Pa. Commonwealth Ct. 102, 334 A.2d 812 (1975).

Motion to quash dismissed; order reversed; and record remanded for further proceedings.

## Order

And Now, this 25th day of November, 1980, the respondents' motion to quash is dismissed; order appealed from is reversed; and the record is remanded for further proceedings consistent with this opinion.