Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* Charles E. Jennings and Mary Ann Jennings, his wife, Appellees.

Argued October 4, 1982, before President Judge CRUMLISH, JR., and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Jeffrey L. Giltenboth,* Assistant Counsel, with him, *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*William P. Bresnahan,* for appellees.

OPINION BY JUDGE WILLIAMS, JR., August 19, 1983:
This matter, an eminent domain case, has arisen from the action of a trial court in granting the condemnees appraisal, attorney and engineering fees pursuant to Section 609 of the Eminent Domain Code.[1] The condemnor, Pennsylvania Department of Transportation (DOT), has appealed from an original order, and an amendment thereof, by the Court of Common Pleas of Allegheny County granting such fees. DOT has filed a separate appeal as to each order. The condemnees, Charles E. Jennings and Mary Ann Jennings, his wife, have filed a motion to quash both appeals. The basis for that motion is an assertion that neither of the orders appealed from had become final when DOT filed its two appeals. In sum, the condemnees contend that both of DOT's appeals were violative of Pa. R.A.P. 301 and should be quashed for that reason.

---

[1] Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* added by Section 7 of the Act of December 29, 1971, P.L. 639, 26 P.S. §1-609.

Pa. R.A.P. 301(a) provides as follows:

> Entry upon docket below. No order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court. Where under the applicable practice below an order is entered in two or more dockets, the order has been entered and reduced to judgment for the purposes of appeal when it has been entered in the first appropriate docket.

In the condemnees' motion to quash, they aver that, at the time DOT filed its appeals to this Court, neither of the orders in issue had been entered on the appearance docket below or reduced to judgment. In DOT's answer to the motion to quash, the condemnor admitted the foregoing averment as being true.[2]

In *Department of Transportation v. Hess*, 55 Pa. Commonwealth Ct. 27, 423 A.2d 434 (1980), we held that an order to pay money had been sufficiently entered and reduced to judgment, for the purposes of appeal under Pa. R.A.P. 301(a), when the order was entered upon the appearance docket in the trial court. In the instant case, however, the condemnor's own admission compels as conclusion that the orders in is-

---

[2] We are compelled to mention a matter that creates something in the nature of a mystery. The appellant, in presenting its reproduction of the record from below, has included a document that purports to be a list of entries from the lower court's appearance docket. That list of entries represents that the two orders here in question were respectively entered in the appearance docket on March 24th and 25th, 1980. However, we do not know the authenticity of that list of entries. Indeed, the list contains typographical features that could cast doubt on its authenticity.

We must question why the appellant would make the judicial admission it did, if its list of docket entries is correct. Since the appellant has admitted that the orders were *not* docketed prior to appeal, we will accept that admission as representing the true state of affairs.

sue had not even been entered on the appearance docket, or reduced to judgment in any other way, prior to the filing of the appeals. Hence, we must grant the condemnees' motion to quash.

### Order

And Now, the 19th day of August, 1983, we hereby grant the appellees' motion to quash the appeals filed by the appellant at No. 799 C.D. 1980 and No. 991 C.D. 1980.