Commonwealth of Pennsylvania acting by and through the Pennsylvania Game Commission, Appellant *v.* 21.1 Acres of Land in Washington Township, Butler County and Homer Renick and Patricia Renick, his wife, Appellees.

Argued March 15, 1985, before Judges CRAIG, BARRY and COLINS, sitting as a panel of three.

*Stuart M. Bliwas,* Chief Counsel, for appellant.

*Lee C. McCandless*, with him, *James E. Kerr*, for appellees.

OPINION BY JUDGE BARRY, January 3, 1986:

The Pennsylvania Game Commission (Commission) appeals an order of the Court of Common Pleas of Butler County awarding delay compensation and interest to Homer and Patricia Renick (condemnees).

The condemnees are owners of a tract of land on which they grow Colorado blue spruce trees to be sold as Christmas trees. In 1978 they were awarded just compensation for a flood easement over 21.1 acres of their land taken by the Commission in connection with the operation of a nearby dam. On April 21, 1980, the trial court ordered payment of delay compensation from the date of taking, March 23, 1978, to the date of payment, August 9, 1978. The Commission appealed the issue of delay compensation to this Court. In *Pennsylvania Game Commission v. 21.1 Acres of Land in Washington Township*, 61 Pa. Commonwealth Ct. 383, 433 A.2d 915 (1981), we held that a condemnee is entitled to delay compensation under Section 611 of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-611, when the condemnor effectuates the taking by obtaining possession. If the condemnation involves a flood easement, the condemnor will gain possession when the land in question is actually flooded. A condemnee has a *prima facie* entitlement to delay compensation from the date of taking, *Whitecomb v. Philadelphia*, 264 Pa. 277, 107 A. 765 (1919). If the condemnee is to be denied delay compensation, the condemnor must prove continued possession by the condemnee. We, therefore, concluded that because, in this case, continued possession by the condemnees depended on the absence of flooding the Commission could prevail if it proved the absence of flooding or if the condemnees

defeated the presumption in their favor by admitting to continued possession of the condemned property. The case was remanded and a hearing was held before the trial court for the purpose of allowing the Commission an opportunity to meet this burden of proof. The trial court concluded that the Commission failed to overcome the presumption in favor of the condemnees and it awarded delay compensation plus interest at a rate of six percent per annum from August 9, 1978, to the date of payment. This appeal followed.

Our scope of review of an eminent domain case is limited to a determination of whether the trial court committed an abuse of discretion or an error of law. *Appeal of PennDOT*, 54 Pa. Commonwealth Ct. 478, 422 A.2d 711 (1980).

The Commission essentially contends that the trial court's decision is contrary to the evidence. It maintains that the evidence presented clearly establishes that the condemnees' land was not flooded during the time in question. Our careful review of the record, however, leads us to conclude that the testimony presented by the Commission's witnesses is insufficient to establish the absence of flooding.

Ronald Kurtz, a civil engineer and custodian of the record of the dam testified on behalf of the Commission that the water behind the dam must rise to 1,204.2 feet to cause water to flow from the stream bed and flood the condemnees' property. (N.T., p. 20, January 13, 1983.) Mr. Kurtz testified that 4.9 inches of rain during a twenty-four hour period would cause the water behind the dam to rise to an elevation of 1,204.5 feet. (N.T., pp. 21-22, January 13, 1983.)

Melvin Sankey, a weather observer for the National Weather Bureau, who recorded the daily precipitation from a point near the Borough of Slippery Rock, testified that the heaviest rain recorded during a twenty-four hour period between 1973 and 1978 was

3.5 inches on July 21, 1973. (N.T., p. 6, January 13, 1983.) Mr. Sankey stated, however, that the Borough of Slippery Rock is ten miles from the condemned property and that precipitation varies over a distance. (N.T., p. 8, January 13, 1983.)

Robert Stewart, a land management foreman in charge of the dam, testified that he visited the dam once or twice a week, sometimes more often, between March 23, 1973, and August 9, 1978, and that no more than ten inches of water went over the spillway at any one time. (N.T., p. 42, January 13, 1983.) Mr. Stewart further stated that he observed the condemnees' property once or twice per week, sometimes more often, between March 23, 1973, and August 9, 1978, and never noticed flooding on the property. (N.T., p. 44, January 13, 1983.)

Although this type of testimony might suggest the unlikelihood of the property being flooded, it does not conclusively establish the absence of flooding. We must, therefore, agree with the trial court's conclusion that the Commission did not sustain its burden of proof. We also find that the record does not contain any admissions by the condemnees of continued possession. As we previously noted, a condemnee can defeat the presumption in his favor by a clear admission that he continued in possession of the condemned property. That did not occur in this case. We, therefore, affirm the trial court's decision on the issue of delay compensation.

The Commission next argues that the trial court erred when it awarded six percent interest on the delay compensation award to the condemnees. Section 611 of the Code states that there shall be no payment of interest on a verdict or award for delay compensation. Indeed, the comment of the Joint State Government Commission, 1964 Report, which follows this provision of the Code specifically states that "it is

not intended by this section to have interest being paid on delay compensation.'' We, therefore, reverse this part of the trial court order.

Lastly, condemnees allege that the Commission's failure to file exceptions to the trial court order in accordance with Rule 1038(d) and (e) of the Pennsylvania Rules of Civil Procedure constitutes waiver of any errors raised on appeal by the Commission. We have held, with specific reference to Pennsylvania Rule of Civil Procedure No. 1038, that the Pennsylvania Rules of Civil Procedure do not apply in Eminent Domain Code proceedings. *In re: Condemnation, Croop Estate*, 25 Pa. Commonwealth Ct. 185, 359 A.2d 838 (1976); *See also PennDOT v. Hess*, 55 Pa. Commonwealth Ct. 27, 423 A.2d 434 (1980).

For the reasons set forth above, we affirm the trial court decision awarding delay compensation and reverse the order awarding interest from August 9, 1978, to the date of payment.

ORDER

Now, January 3, 1986, the order of the Court of Common Pleas of Butler County, dated January 13, 1983, at A.D. No. 72, June Term, 1973, is affirmed in part and reversed in part in accordance with this opinion.