505 A.2d 393

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Kayden Corporation, Appellee.

Argued October 8, 1985, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Eileen Maunus*, with her, *Felix Thau*, Deputy Chief Counsel, and *Gary F. DiVito*, Chief Counsel, for appellant.

*Robert L. Ceisler*, with him, *George A. Baillie*, Ceisler/Richman Law Firm, for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., February 27, 1986:

The Pennsylvania Liquor Control Board (LCB) appeals a Washington County Common Pleas Court order sustaining the appeal of Kayden Corporation (Kayden) from a denial of a restaurant liquor license and directing issuance of a license. We reverse.

Kayden operates a bowling alley in South Strabane Township. It applied for licensure under the resort area exemption contained in Section 461(b) of the Liquor Code.[1] The LCB found that there was no evi-

---

[1] Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-461(b). This section empowers the LCB to increase the number of permitted licenses in a municipality which is located within a resort

dence of need for an additional license in the Township. The common pleas court found that there was a substantial need for the license.

Our review of the court's order is limited to determining whether the findings of fact are supported by substantial evidence and whether an error of law or an abuse of discretion was committed. *Pennsylvania Liquor Control Board v. Seder,* 88 Pa. Commonwealth Ct. 351, 489 A.2d 278˙ (1985).

Preliminarily, Kayden moves to quash the LCB's appeal. It argues that the LCB's appeal is fatally defective because (1) no post-trial motions were first filed with the common pleas court and (2) the court's order was not reduced to judgment before the LCB appealed. We deny Kayden's motion.

The requirement of filing post-*trial* motions to preserve issues, Pa. R.C.P. No. 227.1, does not apply here. We have held that the Rules of Civil Procedure do not specifically govern matters which come under the common pleas courts' statutory appeal jurisdiction. *Pennsylvania Liquor Control Board Appeal (Dinardi),* 84 Pa. Commonwealth Ct. 598, 480 A.2d 338 (1983). Because the common pleas court's order sustained an *appeal,* and in no way related to a trial, Rule No. 227.1 is not applicable. The fact that the order sustaining Kayden's appeal was not reduced to judgment is irrelevant. A final order is appealable once it has been entered on the docket. Pa. R.A.P. 301(a); *Department of Transportation v. Jennings,* 76 Pa. Commonwealth Ct. 453, 463 A.2d 1290 (1983). The order here was entered on the docket prior to the LCB's appeal.

The LCB contends that the common pleas court erred by concluding that Kayden met its burden of

area. In an earlier decision, the common pleas court held that South Strabane Township is a resort area. The LCB discontinued its appeal of this ruling. The LCB does not contest the Township's resort area status in this appeal.

proving entitlement to a license under the resort area exception. We agree.

An applicant seeking to establish that the resort area exception entitles it to a license must prove that a *seasonal influx of transients* causes a population swell which creates a need for an additional licensee. *Pennsylvania Liquor Control Board v. Jimmy Paul's, Inc.*, 82 Pa. Commonwealth Ct. 280, 475 A.2d 914 (1984). If this need is shown, the question then is whether the applicant can serve this need by offering a service which existing licensees cannot. *Pesante Appeal*, 82 Pa. Commonwealth Ct. 242, 476 A.2d 474 (1984). Kayden offered no evidence to meet this burden. The only conceivable evidence of need concerns the desire of Kayden's *regular patrons* to engage in social drinking while participating in weekly league bowling. Assuming, arguendo, that this customer preference qualifies as a "need," there is not one piece of evidence linking it to an influx of tourists. Moreover, there is unrefuted record evidence that several other bowling alleys in the area are licensees. While this may put Kayden at a competitive disadvantage, the sole purpose for the resort area exception is to ensure that the needs of *the public* in a given locale are adequately met. We must conclude that Kayden has not met its burden of proof.[2]

Accordingly, the common pleas court's order is reversed.

ORDER

The Washington County Common Pleas Court order, No. 44 Misc. 84 dated August 7, 1984, is reversed. The order of the Pennsylvania Liquor Control Board refusing Kayden Corporation's application for new restaurant liquor license is reinstated.

---

[2] Because this conclusion is determinative of the appeal, we shall not address the LCB's contention that there was an insufficient evidentiary basis for the common pleas court to make significantly different factual findings.