516 A.2d 107

Albert A. Savko and Olga Savko, his wife, Appellants *v.* Board of Property Assessment, Appeals and Review of Allegheny County, Appellee.

Argued March 11, 1986, before President Judge CRUMLISH, JR., Judges ROGERS and COLINS, sitting as a panel of three. Reargued May 20, 1987, before President Judge CRUMLISH, JR., Judges CRAIG, MAC-PHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*David C. Martin, Jr.,* for appellants.

*John M. Silvestri,* for appellee.

*Francine T. Boone,* for intervenor.

OPINION BY JUDGE COLINS, October 16, 1986:

This is the appeal of Albert and Olga Savko (taxpayers) from an order of the Court of Common Pleas of Allegheny County denying the taxpayers' petition to reinstate what taxpayers argue was an appeal to that court from an award of arbitrators in a case involving the assessment of their real estate for local tax purposes.

On January 8, 1982, the Board of Property Assessment, Appeals and Review of Allegheny County (Board) fixed the market value of the taxpayers' property at $160,000.00 and the assessment at $40,000.00 for the year 1982. The taxpayers appealed the 1982 assessment, and on May 26, 1983, the Board reduced the

assessment to $36,000.00 for the year 1982. The Board's order also fixed the 1983 assessment at $36,000.00 in response to an appeal of the 1983 assessment filed by the taxpayers on February 17, 1983. The taxpayers appealed the Board's decision to the Common Pleas Court on June 24, 1983. The prothonotary assigned Docket Number G. D. 83-10533 to the appeal.

The appeal was ordered to compulsory arbitration before a panel of arbitrators pursuant to Allegheny Court Rule No. 1301, which relies upon Pa. R.C.P. No. 1301, which generally gives a common pleas court the authority to determine whether there shall be arbitration in its judicial district. Judicial arbitration is governed by Sections 7361-62 of the Judicial Code (Code), 42 Pa. C. S. §§7361-62.

The arbitrators' award on October 6, 1983, reduced the market value of the taxpayers' property to $132,000.00.

On November 7, 1983, (legally within the thirty-day statutory appeal period[1]), the taxpayers filed a pleading in the Allegheny County Court of Common Pleas entitled:

NOTICE OF APPEAL RE: APPEAL REAL ESTATE TAX APPRAISERS

The taxpayer typed the original Docket Number G. D. 83-10533 on the cover sheet. The caption on the first page read:

PETITION FOR APPEAL FROM BOARD OF PROPERTY ASSESSMENT, APPEALS AND REVIEW

---

[1] Section 1 of the Act of June 20, 1983, P.L. 136, *as amended,* 73 P.S. §1802, provides that whenever the last day of the prescribed appeal period falls on a Saturday or Sunday, such day shall be omitted from the computation. In this case, the thirtieth day, November 5, 1983, fell on a Saturday, giving the taxpayers until Monday, November 7, 1983, to file a timely appeal.

The petition, filed within thirty (30) days of the arbitration award, did not mention the arbitrators' award of October 6, 1983, or that that award was the subject of the appeal. The petition filed was an exact copy of the petition previously filed from the Board's May 26, 1983, decision, even informing a reader that it was an appeal from the Board of Property Assessment, Appeals and Review's Order of May 26, 1983. The prothonotary scratched off the Docket Number G.D. 83-10533 and substituted Docket Number 83-19044, presumably because he thought that it was an appeal from the Board's decision and, as a new case, required a new docket number.

On November 29, 1983, the appeal filed November 7, 1983, was quashed, *sua sponte,* by the Common Pleas Court because it was filed more than thirty days after the Board's May 26, 1983, decision. The trial court was apparently unaware that what was being timely appealed from was the October 6, 1983, arbitration decision.

The taxpayers filed a Petition to Reinstate their appeal filed November 7, 1983, as an appeal from the arbitrators' award. The petition was denied by the Court of Common Pleas because that court found there had been no appeal from the arbitrators' award to reinstate. The taxpayers' appeal from that order is presently before us.

The taxpayers claim that their appeal should be reinstated and heard by the Common Pleas Court because the appearance of late filing was a result of a misdocketing by the prothonotary. The taxpayers assert that if the docket number had not been changed from Number G.D. 83-10533 to Number G.D. 83-19044, it would have been apparent that their appeal was from the arbitrators' award of October 6, 1983, and not the Board's May 26, 1983, order. The litigants believe that

the issue before this Court is whether or not the tax-payers' attempted appeal from an arbitrators' award should be allowed despite the fact that it did not comply with the rules governing appeals from arbitration awards so that it appeared that their appeal was untimely taken from an earlier decision of the Board. However, we need not decide that question because our determination of a jurisdictional issue not raised by the litigants requires that we remand this matter to the Court of Common Pleas of Allegheny County for a ruling on the merits of the taxpayers' substantive case.

Preliminarily, we note that our Court may raise the question of subject matter jurisdiction *sua sponte* at any time. *Witt v. Department of Banking,* 493 Pa. 77, 425 A.2d 374 (1981). Since tax appeals are statutory in nature, they cannot be subject to arbitration procedures. Accordingly, the arbitrators were without jurisdiction to resolve this controversy and a remand is necessary so that the case may be properly heard before a judge of the common pleas court.

Section 1 of the Act of May 22, 1933 (Act), P.L. 853, *as amended,* 72 P.S. §5020-518.1, governs appeals from the assessment board to the Court of Common Pleas of Allegheny County. This provision provides in part as follows:

> Any owner of real estate or taxable property in this Commonwealth, who may feel aggrieved by the last or any future assessment or valuation of his real estate or taxable property, may appeal from the decision of the county commissioners, acting as . . . [or] the Board of Property Assessment, Appeals and Review, in counties of the second class, . . . as the case may be, to the court and, thereupon, the court shall proceed, at the earliest convenient time to be by them appointed, of which notice shall be given to the

county commissioners, acting as . . . [or] the Board of Property Assessment, Appeals and Review, in counties of the second class, . . . as the case may be, to hear the said appeal and the proofs in the case and to make such orders and decrees touching the matter complained of as to the *judges of said court* may seem just and equitable. . . . (Emphasis added.)

We hold that this method of appeal is exclusive. While it is true that Pa. R.C.P. No. 1301 provides that the Rules of Civil Procedure apply to matters submitted to compulsory arbitration pursuant to local rule under Section 7361 of the Code, 42 Pa. C. S. §7361, and that no section of the Code specifically precludes tax appeals from being submitted to arbitration, it is obvious that Section 1 of the Act, which is more specific, mandates that a judge decide these cases. It has long been the rule that when interpreting the law, the specific must prevail over the general. Section 1933 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1933. Additionally, this Court has ruled that the Rules of Civil Procedure do not specifically govern matters which fall within the common pleas court's statutory appeal jurisdiction. *Pennsylvania Liquor Control Board v. Kayden Corp.,* 95 Pa. Commonwealth Ct. 306, 505 A.2d 393 (1986); *Pennsylvania Liquor Control Board Appeal (Dinardi),* 84 Pa. Commonwealth Ct. 598, 480 A.2d 338 (1983).

Accordingly, the decision of the Court of Common Pleas of Allegheny County is hereby reversed and the matter is remanded to the Court of Common Pleas of Allegheny County.

ORDER

AND NOW, this 16th day of October, 1986, the order of the Court of Common Pleas of Allegheny County, No. G.D. 83-10533, dated December 7, 1983, is hereby re-

versed, and the matter is remanded to the Court of Common Pleas of Allegheny County for further proceedings consistent with this opinion.

Jurisdiction relinquished.

DISSENTING OPINION BY JUDGE ROGERS:

I respectfully dissent. The Board of Property Assessment, Appeals and Review of Allegheny County (board) fixed the market value of the taxpayers' property at $160,000 and the assessment at $40,000. The taxpayers appealed the assessment and on May 26, 1983, the board of this order to the common pleas court, to docket number G.D. 83-10533. The court ordered the appeal to compulsory arbitration pursuant to 42 Pa. C. S. §§7361-7362.

The arbitrators' award made October 6, 1983 reduced the market value of the taxpayers' property to $132,000, which would produce an assessment of $33,000. On November 7, 1983, the taxpayers, apparently seeking to appeal the arbitrators' award of October 6, 1983, filed a pleading in the common pleas court entitled:

NOTICE OF APPEAL RE:
APPEAL REAL ESTATE
TAX APPRAISERS

The taxpayers wrote on the pleading the docket number G.D. 83-10533, the same number as that borne by their earlier court appeal from the board's original assessment. The taxpayers gave this second appeal the caption:

PETITION FOR APPEAL FROM BOARD OF
PROPERTY ASSESSMENT, APPEALS AND
REVIEW

In the body of the petition there is no mention of the arbitrators' award of October 6, 1983; indeed, the petition is an exact copy of the petition which the taxpayers

had filed on their appeal from the board's May 26, 1983 decision, *down to informing the reader that it was an appeal from the Board of Property Assessment, Appeals and Review's order of May 26, 1983.*

The prothonotary scratched off the docket number G.D. 83-10533 and gave the appeal the new number G.D. 83-19044. The common pleas court quashed the appeal filed November 7, 1983 on the ground that it was filed more than thirty days after the board's May 26, 1983 decision.

The taxpayers contend that their appeal filed November 7, 1983 should be reinstated because its appearance of late filing was the result of misdocketing by the prothonotary; that if the docket number had not been changed, it would have been apparent, despite the petition's exclusive reference to the board's May 26, 1983 order, that the petition was really an appeal from the arbitrator's award of October 6, 1983. I find myself unable to accept this contention.

I would decide that the taxpayers were the authors of their own loss, if any; and that the prothonotary cannot be blamed for taking the taxpayers' petition for what the petitioners described it, an appeal from the board's May 26, 1983 decision.

Pa. R.C.P. No. 1308 governs appeals from arbitrators' awards and provides in pertinent part:

1308(a) An appeal from an award shall be taken by

(1) filing a notice of appeal in the form provided by Rule 1313 with the prothonotary of the court in which the action is pending not later than thirty days after the entry of the award of the docket. . . .

Pa. R.C.P. No. 1313 prescribes the form of notice of the appeal and provides in pertinent part:

(a)   The notice of appeal shall be in substantially the following form:

(Caption)

NOTICE OF APPEAL

FROM AWARD OF BOARD OF ARBITRATORS

TO THE PROTHONOTARY:

Notice is given that _____ appeals from the award of the board of arbitrators entered in this case on _____.

As is seen, the taxpayers' appeal filed November 7, 1983 flagrantly disregards the rules. It makes no mention that it is an appeal from an arbitrators' award and it is not in the form required by Pa. R.C.P. No. 1313. Surely the prothonotary was given no reason to know that there had been an arbitrators' award and I would not hold that he was bound to search his dockets for that kind of information.

Having in mind that a final decision of a real property assessment appeal for one year is not res judicata of an appeal for a later year, I would affirm the order of the common pleas court.

531 A.2d 576

On reconsideration the following opinions were filed:

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., September 24, 1987:

On March 5, 1987, we entered an Order[1] granting reargument of our October 16, 1986 Opinion and Order in this matter. *Savko v. Board of Property Assessment,* 109 Pa. Commonwealth Ct. 531, 516 A.2d 107 (1986). In *Savko,* we held that the Allegheny County Common Pleas Court lacked jurisdiction to direct statutory tax assessment appeals to arbitration because Section 518.1

---

[1] The Order read:

NOW, March 5, 1987, it is ordered that the application for reargument is granted solely as to the jurisdictional question stated in the prior decision of this Court filed in this case. If desired, amicus curiae on behalf of the taxing bodies may, through counsel, file a brief and present oral argument. Briefs for amicus curiae and additional briefs for appellants and appellee on this issue shall be filed on or before April 15, 1987.

The Chief Clerk is directed to list the above case before the Court en banc on the May 1987 Argument List at Pittsburgh.

of the General County Assessment Law[2] requires that such appeals be exclusively heard de novo before a common pleas court. After reconsideration of that conclusion, we vacate our decision.

Sections 7361 and 7362 of the Judicial Code govern arbitration of civil matters before the courts of this Commonwealth, 42 Pa. C. S. §§7361, 7362. Courts are permitted by Section 7361(a) to promulgate general rules or rules of court[3] to require compulsory arbitration of certain matters. Limitations to this authority are found in Section 7361(b). Our Supreme Court, through Pa. R.C.P. Nos. 1301-1313, established rules regulating compulsory arbitration matters.

Pursuant to these constraints, Allegheny County Common Pleas Court on May 15, 1981, promulgated Local Rule 1301, which for our purposes states:

*(1)   The following civil actions, proceedings and appeals or issues therein where the demand is for $10,000.00 or less (exclusive of interest and costs) shall first be submitted to and heard by a board of three members of the bar of the court:

. . . .

(e)   Matters transferred to compulsory arbitration by the court even though the original demand may have exceeded $10,000.00 (exclusive of interest and costs).

*(2) Actions,   proceedings   appeals   or matters other than those set forth in *1 shall not be submitted to, transferred by a court to, heard by or determined by a Board of Arbitrators appointed under 42 Pa. C. S. §7361.

---

[2] Act of May 22, 1933, P.L. 853, *as amended,* 72 P.S. §§5020-101—5020-601, specifically 72 P.S. §5020-518.1.

[3] A general rule is a rule or order promulgated by the governing authority, where a rule of court is a rule promulgated by a court regulating practice or procedure before the governing court. Section 102 of the Judicial Code, 42 Pa. C. S. §102.

In furtherance of subsection (e) above, Allegheny County Common Pleas Court amended Local Rule 502, governing appeals from real estate tax assessments, to read:[4]

> In all appeals from decisions of Board of Property Assessment, Appeals and Review, the following requirements will apply:
>
> . . . .
>
> (e)  Arbitration Jurisdiction: *Appeals involving decisions of the Board of Property* Assessment, Appeals and Review wherein the assessed value of the property was determined to be one hundred thousand ($100,000) dollars or less *will be submitted to arbitration.* The Prothonotary (Arbitration Section) will schedule tax appeal hearings for cases filed in Arbitration on only one day of each week.

(Emphasis added.) This subsection was effective on December 8, 1984.

---

[4] Rule 502, initially adopted on October 6, 1980, read in its entirety:

**Rule \*502. Appeals from Tax Assessment.**

(a)  Notices: In all appeals from real estate tax assessments

(1)  Notice of the appeal
(2)  Notice of the date of hearing
(3)  Notice of conciliation

Shall be given to the:

(1)  Owner of the Property
(2)  Board of Property Assessment, Appeals and Review
(3)  County of Allegheny
(4)  Local Taxing Bodies (City, Borough or Township, School District)

(b)  Times of Notice

(1)  Notice of the Appeal shall be given within five (5) days (exclusive of Saturdays, Sundays, and holidays).

(c)  Proof of Service: Affidavit of service of the Notice of Appeal shall be filed with the office of the Prothonotary.

We now hold that Local Rules 1301 and 502 validly require tax assessment appeals emanating from the Board of Property Assessment, Appeals and Review of Allegheny County (Board) to be subject to compulsory arbitration, prior to de novo review before the common pleas court.

Although Section 518.1 of the General County Assessment Law does require review of tax assessment appeals to be conducted de novo before a common pleas court, the initial direction of appeals to a board of arbitration under common pleas court supervision does not conflict with this express requirement.

We reach this conclusion by reviewing the language of our Supreme Court in the *Smith Case,* 381 Pa. 223, 112 A.2d 625 (1955). In that case, the critical need for preliminary, alternative dispute resolutions is recognized. More importantly, the constitutionality of arbitration proceedings being mandatorily required prior to de novo common pleas court review was upheld.

In light of this pronouncement, we construe Section 518.1 of the Assessment Law, *together* with Sections 7361 and 7362 of the Judicial Code and Pa. R.C.P. 1301 and Local Rules 1301 and 502, as authorizing the *present practice* of the Allegheny County Common Pleas Court to initially assign tax assessment appeals to arbitration.

Turning to the matter before us, however, we are troubled in that Local Rule 502 did not expressly dictate arbitration when the Savkos' tax assessment appeal was filed in the common pleas court on June 24, 1983.

Appellee Board states in its brief on reargument that prior to the 1984 amendment there existed "local procedures equivalent to rules which had been established by the trial court for the referral of tax appeals

to compulsory arbitration."[5] It also argues that taxpayers Savkos tacitly "consented" to the transfer to arbitration.

The enabling provisions found in the Judicial Code require that rules directing matters to arbitration be promulgated.[6] The absence of such a rule at the time Savkos' appeal was filed makes that *past* assignment by the common pleas court ineffective.[7] Hence, since the appeal as docketed originally at No. G.D. 83-10533 was timely and proper, we reverse the common pleas court order dated December 7, 1983, denying the Savkos' petition to reinstate their tax assessment appeal. The common pleas court is directed to proceed with a de novo review of the Savkos' appeal from the Board.

This Court does stress, however, that tax assessment appeals assigned to arbitration after the effective date of Rule 502 (December 8, 1984) are valid.

## ORDER

Upon consideration of appellee's application for reargument, it is ordered that said application is granted. This Court's Order of October 16, 1986, is vacated. The order of the Allegheny County Common Pleas Court, entered at docket no. G.D. 83-10533, dated December 7, 1983, is reversed. This case is remanded to the common pleas court for further proceedings consistent with this Opinion.

Jurisdiction relinquished.

---

[5] Appellee's brief on reargument, p. 9.

[6] *See* note 3. Although the term "promulgate" is not defined in the Judicial Code, we believe the term should be construed as requiring formal publication.

[7] We reject appellee's contentions that the Savkos "consented" to the arbitration assignment. The record lacks evidence indicating any such concession, and this Court declines to find such.

CONCURRING AND DISSENTING OPINION BY JUDGE COLINS:

While I concur with the result reached by the majority, I must disagree with the rationale used by my learned colleagues. My dissent is based upon the reasons outlined in the former majority opinion of this Court. *Savko v. Board of Property Assessment, Appeals and Review of Allegheny County,* 109 Pa. Commonwealth Ct. 531, 516 A.2d 107 (1986) (*Savko I*).

I agree with the majority that the efficient administration of justice may be better served by allowing matters such as this to proceed to arbitration. However, as stated in *Savko I,* the legislature explicitly mandated that these matters be heard by a judge of the common pleas court. *See* Section 1 of the Act of May 22, 1933, P.L. 853, *as amended,* 72 P.S. §5020-518.1.

Judge MACPHAIL and Judge DOYLE join.