531 A.2d 64

Scripture Union, A Pennsylvania Non-Profit Corporation, Appellant *v.* John R. Deitch, Martin A. Holmes, Catherine D. Granger and Board of Assessment Appeals of Delaware County, Appellees.

Argued June 11, 1987, before Judges MACPHAIL and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Benjamin S. Ohrenstein,* for appellant.

*Joseph R. Young, Beatty, Young, Clouse & Lincke,* for appellee, Upper Darby School District.

*A. Leo Sereni,* for appellee, Delaware County Board of Assessment Appeals.

*Alvin S. Ackerman, Fronefield & DeFuria,* for appellee, Township of Upper Darby.

OPINION BY JUDGE MACPHAIL, September 11, 1987:

Scripture Union has appealed from an order of the Court of Common Pleas of Delaware County which denied Scripture Union's request for tax exempt status for an office building which it owns in the Township of Upper Darby, Delaware County. We affirm.

Scripture Union is a non-profit corporation which distributes bi-monthly publications which include a daily guided reading program and. commentary on the scriptures. The organization also counsels interested Christian churches in the operation of their youth programs and supports other Scripture Union ministries in foreign countries. Its main publications are distributed to approximately ten to twelve thousand individual members and 700 churches across the country. Scripture Union is not associated with any organized religion and does not regard itself as a religious organization.

The threshold issue in this case is whether Scripture Union qualifies as a "purely public charity" so as to satisfy the initial requirement in establishing its entitlement to a real estate tax exemption under Section 204(a)(3) of The General County Assessment Law (Law)[1] which provides, in pertinent part, as follows:

---

[1] Act of May 22, 1933, P.L. 853, *as amended,* 72 P.S. §5020-204(a)(3). Both the court of common pleas and Scripture Union have cited Section 202 of The Fourth to Eighth Class County Assessment Law, Act of May 21, 1943, P.L. 571, *as amended,* 72 P.S. §5453.202, in analyzing the case at bar. Since Delaware County is a second A class county, however, we believe that The General County Assessment Law is, in fact, applicable.

> The following property shall be exempt from all county, city, borough, town, township, road, poor and school tax, to wit:
>
> . . . .
>
> (3) All hospitals, universities, colleges, seminaries, academies, associations and institutions of learning, benevolence or charity . . . founded, endowed, and maintained by public or private charity. . . .

Although Section 204(a)(3) of the Law does not, by its terms, require that an institution qualify as a "purely" public charity, the legislative grant of tax exempt status to charitable organizations is constitutionally limited to those organizations which qualify as purely public charities. Pa. Const. art. VIII, §2(a)(v); *see Hospital Utilization Project v. Commonwealth,* 507 Pa. 1, 487 A.2d 1306 (1985).

Following a hearing on Scripture Union's tax assessment appeal, the common pleas court concluded that Scripture Union was not a purely public charity. The court subsequently granted reconsideration[2] and later

---

[2] The common pleas court's original order denying the assessment appeal was filed on February 26, 1986. The court granted reconsideration within 30 days, on March 26, 1986, for the purpose of ruling on Scripture Union's motion for post-trial relief which was filed pursuant to Pa. R.C.P. No. 227.1. We have recently ruled that a motion for post-trial relief is not appropriate in a statutory appeal under the Law unless specifically authorized by local rule. *Assessment Appeal of Salem Crossroads Historical Restoration Society, Inc.,* 106 Pa. Commonwealth Ct. 452, 526 A.2d 1257 (1987); *see also Savko v. Board of Property Assessment, Appeals and Review of Allegheny County,* 109 Pa. Commonwealth Ct. 531, 516 A.2d 107 (1986).

Where a motion for post-trial relief is improperly filed, the motion will be regarded as a petition for reconsideration which, of course, does not toll the appeal period. *Pedersen v. South Williamsport Area School District,* 80 Pa. Commonwealth Ct. 292, 471 A.2d 180 (1984). Since the common pleas court here, in fact, grant-

reaffirmed its original decision in an opinion and order dated July 16, 1986 from which the instant appeal was taken.[3]

Whether Scripture Union is entitled to tax exempt status as a purely public charity is a mixed question of fact and law. Scripture Union bears the heavy burden of bringing itself within the ambit of the exemption. *Appeal of Lutheran Home at Topton,* 100 Pa. Commonwealth Ct. 244, 515 A.2d 59 (1986). Furthermore, statutory provisions which exempt persons or property from taxation must be strictly construed. Section 1928(b)(5) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1928(b)(5).

In *Hospital Utilization Project,* the Supreme Court set forth five standards to be applied in determining whether an institution qualifies as a "purely" public charity:

    (a)   Advances a charitable purpose;

    (b)  Donates or renders gratuitously a substantial portion of its services;

    (c)  Benefits a substantial and indefinite class of persons who are legitimate subjects of charity;

---

ed reconsideration within the applicable thirty-day appeal period, however, the time for appeal was effectively tolled pending that reconsideration. Pa. R.A.P. 1701(b)(3). Thus, the appeal to this Court remained timely and we may proceed to address the merits of the case. We once again caution litigants and counsel, however, that Pa. R.C.P. No. 227.1 is *not* generally applicable to statutory appeals absent specific provision in the statute or local rules for such a procedure.

[3] Our scope of review is to determine whether the common pleas court's decision evidences an abuse of discretion or a lack of supporting evidence. *Council Rock School District v. G.D.L. Plaza Corp.,* 91 Pa. Commonwealth Ct. 176, 496 A.2d 1298 (1985), *aff'd,* 515 Pa. 54, 526 A.2d 1173 (1987).

(d)  Relieves the government of some of its burden; and

(e)  Operates entirely free from private profit motive.

*Id.* at 22, 487 A.2d at 1317.

Of these five criteria, we believe the most crucial to the instant case is the second requirement that the institution donate or render gratuitously a substantial portion of its services. The evidence of record reveals that Scripture Union requests a $15.00 annual contribution for an adult membership which covers the cost of providing regular issues of Scripture Union's "Discovery" or "Encounter with God" publications. The youth publications cost $8.00 per year. Members are also requested at several times during the year to offer additional contributions toward other Scripture Union projects. Scripture Union also offers Christmas gift memberships at approximately the same membership rates as previously mentioned.

Scripture Union's president testified that interested individuals who are unable to afford the annual contributions could nevertheless receive the publications and that larger membership contributions are encouraged from members who can afford them "to enable us to subsidize the memberships of individuals who cannot afford their full Bible reading guide cost. . . ." Notes of Testimony at 20; Reproduced Record at 37a. No evidence was introduced, however, regarding the number of members who are given Scripture Union's publications free of charge. Moreover, nothing on the membership form indicates that a contribution payment may be waived by those unable to afford its cost.

We think this evidence fails to establish that Scripture Union donates or renders gratuitously a substantial portion of its services. As our Supreme Court stated in the leading case of *Y.M.C.A. of Germantown v. Phila-*

*delphia,* 323 Pa. 401, 409, 187 A. 204, 208 (1936), "[w]hat is 'given' must be more nearly gratuitous than for a price which impresses one as being proportionate to the services rendered." Here, however, the annual contributions apparently cover the costs of the publications and there is no evidence that the contribution fee has been waived for any substantial number of recipients.

Though the goals of Scripture Union may be regarded as generally charitable in nature, *see Methodist Episcopal Church v. Philadelphia,* 266 Pa. 405, 109 A. 664 (1920), we believe that its membership structure functions much like a magazine subscription and does not evidence "a bona fide effort to service primarily those who cannot afford the usual fee." *Hospital Utilization Project,* 507 Pa. at 19 n. 9, 487 A.2d at 1315 n. 9.

We observe that the facts that Scripture Union is a non-profit corporation and has only recently gained a small net worth do not require that it be exempted from taxation. *Appeal of Lutheran Home at Topton.* Nor is it relevant that Scripture Union has been determined to be exempt from federal income tax under Section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. §501(c)(3). *Hospital Utilization Project.*

Scripture Union cites our decision in *Christian Literature Crusade, Inc. v. Board for the Assessment and Revision of Taxes of Montgomery County,* 17 Pa. Commonwealth Ct. 63, 328 A.2d 896 (1974), as supportive of its status as a purely public charity. Christian Literature Crusade was described by the common pleas court in that case as "a nonprofit corporation engaged primarily in the publication and distribution of literature propagating concepts of Christian religious thought." *Id.* at 66, 328 A.2d at 898. The issue of the institution's status as a purely public charity was not a matter of dispute, however, and was only mentioned briefly in the opin-

ion. Instead, the dominant issue was whether certain buildings and acreage were actually used for the purposes of the institution. Thus, the opinion does not reveal crucial facts such as whether or not any price was charged for the literature which was distributed by the organization. For this reason, its precedential value is limited in resolving the matter now before this Court.

Based on the facts of record we must agree with the common pleas court that Scripture Union has failed to meet its affirmative burden of establishing its status as a "purely public charity." Since it has not met this minimal constitutional requirement, we need not address the issue of whether it has satisfied additional statutory qualifications for exemption under Section 204(a)(3) of the Law. *See G.D.L. Plaza Corp. v. Council Rock School District*, 515 Pa. 54, 526 A.2d 1173 (1987).

Order affirmed.

## ORDER

The order of the Court of Common Pleas of Delaware County in the above-captioned matter is hereby affirmed.