536 A.2d 868

Borough of Jefferson, Appellant *v.* Enrico Bracco and Norma M. Bracco, his wife, Appellees.

Argued October 8, 1987, before Judges MACPHAIL and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Kerry A. Fraas,* with him, *Mord C. Taylor, Jr.,* for appellant.

*Edward P. Zemprelli, Zemprelli, Clipper and Campedel,* for appellees.

OPINION BY JUDGE MACPHAIL, February 2, 1988:

The Borough of Jefferson (Borough) has appealed from an order of the Court of Common Pleas of Allegheny County which granted an application for post-trial relief filed by Enrico and Norma M. Bracco (Condemnees) and awarded condemnation damages to Condemnees in the sum of $45,800 for the taking of a right-of-way to construct and maintain a sanitary sewer in the Borough. The order granting post-trial relief vacated the trial judge's denial of compensation to Condemnees and award of $1,200 to the Borough for the benefit which the trial judge determined had been conferred on Condemnees' property by the sanitary sewer.

On or about May 18, 1976, the Borough filed a declaration of taking pursuant to a Borough ordinance

which authorized the condemnation of a strip of Condemnees' land approximately twenty feet wide along the east side of Condemnees' property. The property is improved with a restaurant and lounge. The front entrance vestibule is currently located within the sewer right-of-way. The Borough ordinance which authorized the taking states that the property interest taken by the Borough is "A REQUIRED EASEMENT, VARIABLE IN WIDTH FROM 0' to 20' AS HEREINAFTER DESCRIBED, IN, OVER, THROUGH AND ACROSS LANDS OF ENRICO BRACCO. . . ."

Following completion of the project, Condemnees filed a petition for the appointment of a board of viewers. The board awarded compensation to the Condemnees in the amount of $45,800. The Borough subsequently appealed to the common pleas court which held a de novo hearing. The trial judge, as noted previously, found that the Condemnees were not entitled to damages and, in fact, awarded $1,200 to the Borough for the benefit conferred on the property by the sewer installation. The trial judge's opinion was dated August 14, 1985 and docketed on August 16, 1985. The Condemnees filed a motion for post-trial relief pursuant to Pa. R.C.P. No. 227.1 on August 26, 1985. The common pleas court ultimately granted post-trial relief by order dated July 9, 1986, which awarded compensation to the Condemnees in the amount of $45,800 with delay damages calculated from the date of condemnation. The instant appeal was taken from the July 9, 1986 order.

Although not raised as an issue by either party, we are constrained to note *sua sponte* that our appellate jurisdiction is in question in this case. The basis for our concern is the fact that Condemnees filed a motion for post-trial relief following the trial court's final order in this case on August 14, 1985. The motion for post-trial relief was not finally ruled upon for almost eleven

months thereafter. We have noted repeatedly that the Rules of Civil Procedure and, in particular, the predecessor to Rule 227.1,[1] are not applicable in eminent domain proceedings since those proceedings are governed exclusively by the Eminent Domain Code[2] which makes no provision for post-trial relief. *Commonwealth v. 21.1 Acres of Land in Washington Township*, 94 Pa. Commonwealth Ct. 49, 502 A.2d 774 (1986); *Captline v. County of Allegheny*, 74 Pa. Commonwealth Ct. 85, 459 A.2d 1298 (1983), *cert. denied*, 466 U.S. 904 (1984); *Department of Transportation v. Hess*, 55 Pa. Commonwealth Ct. 27, 423 A.2d 434 (1980); *In Re: Condemnation, Croop Estate*, 25 Pa. Commonwealth Ct. 185, 359 A.2d 838 (1976).

Thus, the final appealable order in this case was the trial judge's order of August 14, 1985. Since neither party filed a timely appeal to this Court within thirty days after entry of the trial court's final order, *see* Section 5571(a) of the Judicial Code, 42 Pa. C. S. §5571(a) and Pa. R.A.P. 903(a), we conclude that the appeal presently before us must be quashed without reaching the merits.[3] Furthermore, since the original trial court order of August 14, 1985 constitutes the final unappealed order in this matter, the post-trial order of July 9, 1986

---

[1] Prior to its rescission effective January 1, 1984, Pa. R.C.P. No. 1038(d) provided for post-trial exceptions to the decision of a judge sitting without a jury. Pa. R.C.P. No. 227.1 now provides the exclusive procedure for post-trial relief.

[2] Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §§1-101—1-903.

[3] Had the motion for post-trial relief been granted by the common pleas court within the thirty-day appeal period to this Court, the appeal period would have been tolled. Since the motion was not granted for almost eleven months, however, the appeal period to this Court has clearly expired. *See Scripture Union v. Deitch*, 109 Pa. Commonwealth Ct. 272, 531 A.2d 64 (1987).

is a nullity and must be vacated.[4] We, accordingly, will order that the instant appeal be quashed and the trial court order of August 14, 1985 reinstated.

### ORDER

The appeal of the Borough of Jefferson in the above-captioned matter is hereby quashed. The order of the Court of Common Pleas of Allegheny County dated July 9, 1986 at Civil Division No. GD-84-2631 is vacated and the order of August 14, 1985, at Civil Division No. GD-84-2631, is hereby reinstated.

Judge BARBIERI concurs in the result only.

---

[4] Where a motion for post-trial relief is improvidently filed, it will not be regarded as a request for reconsideration which does not toll the appeal period. *Scripture Union*. Unless the court enters an order granting reconsideration within the thirty-day appeal period to this Court, the power to grant reconsideration is lost. 1 Darlington, McKeon, Schuckers, Brown, *Pennsylvania Appellate Practice* §1701:19 (1986).