Joseph Ricciardi, Appellant, *v.* Workmen's Compensation Appeal Board, Fleming Company and Aetna Insurance Company, Insurance Carrier, Appellees.

Argued September 10, 1974, before Judges CRUMLISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Julius E. Fioravanti,* for appellant.

*David L. Pennington,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE ROGERS, October 2, 1974:

After an evidentiary hearing, workmen's compensation referee Wallace J. Stevenson denied the claim of the instant appellant, Joseph Ricciardi, for workmen's compensation benefits. Mr. Ricciardi appealed the referee's order to the Workmen's Compensation Appeal Board which reversed it and remanded the case to Referee Stevenson for rehearing.

We are informed by copies of correspondence attached to the appellant's Petition on Appeal that the following then occurred: counsel for the appellant requested Mr. Stevenson to disqualify himself from rehearing the case on the ground that he had conducted the original hearing and had made a determination adverse to the appellant; Referee Stevenson refused this request but referred it to the Department of Labor and Industry; because no response from the Department had as yet been received, Referee Stevenson continued a scheduled remand hearing for a period of 30 days, remarking, according to a letter from Mr. Ricciardi's counsel to the Department, that he, Referee Stevenson, would hear the case within 30 days "notwithstanding any ruling that might come out of" the Department; and, finally, by letter dated June 28, 1973, the Department rejected the appellant's request that Mr. Stevenson's assignment to rehear the case be set aside.

The instant appeal is stated by the appellant to be from what he denominates the Department's "Order" of June 28, 1973.

An order of the Workmen's Compensation Appeal Board setting aside a referee's determination and remanding the case for rehearing or for further evidence is ordinarily interlocutory and not appealable. *Royal Pioneer Ind., Inc. v. Workmen's Compensation Appeal Board,* 11 Pa. Commonwealth Ct. 132, 309 A. 2d 831 (1973); *Grove v. Lewis Brothers Painting Contractors,* 80 York 49 (1966), *aff'd,* 209 Pa. Superior Ct. 774 (1967). The appellant here, after losing before the referee, seeks to appeal from a *portion only* of a remand order granting him a rehearing.

The appellant may adduce evidence of bias or prejudice at Referee Stevenson's remand hearing or, by allowance of the Workmen's Compensation Appeal Board, at an evidentiary hearing conducted by it. If the case is again decided against the appellant, the question here sought to be raised will be subject to judicial review.

## ORDER

AND NOW, this 2nd day of October, 1974, it is ordered that the appeal of Joseph Ricciardi be and it is hereby quashed.