Kevin Novinger, Petitioner *v.* Myers Oldsmobile Sales and Service, Inc., Respondent.

Argued September 13, 1979, before Judges CRUMLISH, JR., ROGERS and CRAIG, sitting as a panel of three.

*Steven M. Kramer,* for petitioner.

*Joseph P. Hafer,* with him *Thomas & Thomas,* for respondent.

OPINION BY JUDGE CRUMLISH, JR., October 25, 1979:
Kevin Lee Novinger appealed from a Workmen's Compensation Appeal Board order reversing a referee's denial of benefits and remanding for any additional evidence. A motion to quash appeal has been filed by his employer, Myers Oldsmobile Sales and Service, which we now grant.

Claimant argues that the Board abused its discretion by failing to grant him a de novo hearing or, in the alternative, a remand to a different referee because of alleged prejudicial conduct by the referee.

An order of the Board setting aside a referee's determination and remanding the case for further evidence is ordinarily interlocutory and not appealable. *Ricciardi v. Workmen's Compensation Appeal Board.* 15 Pa. Commonwealth Ct. 339, 325 A.2d 677 (1974). The instant case contains no facts which would require review by this Court at this time.

The claimant may produce evidence of prejudice at the remand hearing or, by allowance of the Workmen's Compensation Appeal Board, at an evidentiary hearing conducted by it. If the case is again decided against the claimant, the question here sought to be reviewed will be subject to judicial review. *Ricciardi, supra.*

Accordingly, we

ORDER

AND Now, this 25th day of October, 1979, it is ordered that the appeal of Kevin Lee Novinger be and it is hereby quashed.