Hallstead Foundry, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Barbara Cudo, Widow of Lewis Cudo, Deceased, Respondents.

Argued March 4, 1982, before Judges CRAIG, MAC-PHAIL and DOYLE, sitting as a panel of three.

*Timothy Lenahan,* with him *David E. Heisler, Lenahan & Dempsey, P.C.,* for petitioner.

*Robert G. Dean,* for respondent, Barbara Cudo, widow of Lewis Cudo, deceased.

OPINION BY JUDGE MACPHAIL, May 11, 1982:

Claimant's[1] husband died May 17, 1979 at his place of employment. The issue before the referee was whether decedent's death was the result of the stress and tension of his regular work and was directly related thereto. Because the decedent's death was due in part to a pre-existing heart condition, it was necessary that Claimant establish by unequivocal medical evidence that the decedent's work activities aggravated the pre-existing condition thereby contributing to his death. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977). At the hearing before the referee, Claimant presented medical evidence in an effort to meet her burden. The referee found that evidence adequate and awarded Claimant workmen's compensation benefits. The Workmen's Compensation Appeal Board (Board) held that the medical evidence was not unequivocal and reversed the referee.

Claimant filed a timely petition with the Board for a rehearing alleging that she wanted to present additional after discovered evidence not previously available in the form of testimony from her late husband's personal physician. The employer[2] contended that the evidence Claimant now wished to present could have been presented at the original hearing.

The Board granted the rehearing, stating that,
It appears that crucial medical evidence may now be available and for some reason it was not heretofore available, and in the interests [sic] of justice, particularly considering the dif-

---

[1] Barbara Cudo.
[2] Hallstead Foundry.

ficult burden on a claimant in a death case such as cases [sic] as the one here involved, the rehearing is hereby granted.

It is that order of the Board which is the subject of the instant appeal.

Claimant contends, *inter alia,* that the Board's order granting the rehearing is interlocutory.

A final order is one which ends the litigation, or alternatively, disposes of the entire case. . . . Conversely phrased, "[a]n order is interlocutory and not final unless it effectively puts the defendant 'out of court.' " . . .

. . . .

"An order does not put 'a party out of court' unless it precludes proof of facts at trial, which if determined in favor of the pleader would provide him with a complete defense to the action."

*Piltzer v. Independence Federal Savings and Loan Association,* 456 Pa. 402, 404-405, 319 A.2d 677, 678 (1974) (citations omitted). The Board's order in the instant case does not put the employer out of court nor does it end the litigation nor dispose of the case. It is clearly interlocutory.

This Court has held that an order setting aside a referee's determination and remanding the case for rehearing or for further evidence is *ordinarily* interlocutory and not appealable. *Ricciardi v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 339, 325 A.2d 677 (1974); *Royal Pioneer Industries, Inc. v. Workmen's Compensation Appeal Board,* 11 Pa. Commonwealth Ct. 132, 309 A.2d 831 (1973). In *Murhon v. Workmen's Compensation Appeal Board,* 51 Pa. Commonwealth Ct. 214, 414 A.2d 161 (1980), this Court held that since remand orders of the Board were interlocutory, they were unappealable, *without exception.* We are well satisfied that our de-

cision in *Murhon* should apply also to orders of the Board which grant rehearings.

Appeal quashed.

### ORDER

It is ordered that the within appeal is quashed.

Judge MENCER did not participate in the decision in this case.