561 A.2d 382

**Edward E. RELLICK and Sandra C. Rellick, his wife, Appellants,**

**v.**

**The REDEVELOPMENT AUTHORITY OF the COUNTY OF INDIANA, Appellee.**

Commonwealth Court of Pennsylvania.

Argued May 4, 1989.

Decided July 25, 1989.

As Amended Oct. 2, 1989.

Vernon N. Fritchman, Indiana, for appellants.

Myron H. Tomb, Jr., Carmella and Tomb, Indiana, for appellee.

Before BARRY and McGINLEY, JJ., and NARICK, Senior Judge.

BARRY, Judge.

Edward E. Rellick and Sandra C. Rellick (appellants) appeal from an order of the Court of Common Pleas of Indiana County denying appellants' motion for post-trial relief and motion for a new trial.

Appellants operated a meat packing and processing plant and a retail meat business in Center Township, Indiana County.

In 1983, the Redevelopment Authority of the County of Indiana (Authority), filed a declaration of taking upon this real property and the improvements thereon. Appellants received $179,250.00 as estimated just compensation. Upon petition by the Authority, the court of common pleas appointed a Board of Viewers (Board), that subsequently awarded appellants $215,000.00 as just compensation for the land, building, improvements and fixed equipment. No award was made for movable equipment since the Board found that the Assembled Economic Unit Doctrine (AEUD) did not apply[1]. Both parties appealed the award of the Board.

1. Since the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §§ 1–101 to 1–903, does not define when machinery, equipment and fixtures become part of the real estate, our Supreme Court created the AEUD in an attempt to

On February 26, 1988, after a four-day trial, the jury verdict of $179,250.00 was entered for appellants. On March 4, 1988, appellants filed a motion for post-trial relief and a motion for new trial, pursuant to Pa. R.C.P. No. 227.1. On June 10, 1988, the trial court issued an order and opinion denying appellants' motions. The instant appeal was taken from the June 10, 1988 order.

 Before proceeding on the merits of this appeal, a jurisdictional question, which a court may raise sua sponte, must be discussed. Except in certain instances, *see* Pa. R.A.P. 311, only final orders are appealable. Pa. R.A.P. 341; *Bell v. Beneficial Consumer Discount Co.*, 465 Pa. 225, 348 A.2d 734 (1975); 42 Pa.C.S. §§ 722–25, 742, 762–63. Not only must an order be "final"; Pa.R.A.P. 301 requires that, before an order can be appealed, that order must be entered on the appropriate court docket. The only order entered on any docket here is the trial court's order denying the appellants' motion for post-trial relief and a new trial. Such orders are interlocutory. *General Electric Credit Corp. v. Aetna Casualty & Surety Co.*, 437 Pa. 463, 263 A.2d 448 (1970). Neither is a jury verdict an order which may be appealed, as "order" in the appellate rules is defined as a "judgment, decision, decree, sentence and adjudication". Pa.R.A.P. 102. Only if this jury verdict had been reduced to judgment would we have an appealable order but judgment was not entered in this case.

 Pa. R.A.P. 905 provides in pertinent part, "[a] notice of appeal filed after the announcement of determination but before the entry of an appealable order shall be treated as

preserve the economic status of a condemnee by moving the condemnee elsewhere and establishing a comparable economic unit. *Redevelopment Authority of the County of Washington v. Sepesy,* 107 Pa. Commonwealth Ct. 227, 528 A.2d 287 (1987). Under the AEUD, where the condemned building is so unique that a comparable building was not available or adaptable within a reasonable distance, all machinery, equipment and tools, even though they could be moved, may nevertheless be left by the owner, and he will be entitled to receive the fair market value, in place, as part of the real estate. *Singer v. Oil City Redevelopment Authority,* 437 Pa. 55, 261 A.2d 594 (1970); *Redevelopment Authority of Erie v. Pulakos,* 17 Pa. Commonwealth Ct. 251, 330 A.2d 869 (1975).

filed after such entry and on the day thereof." We could, therefore, quash this appeal for lack of an appealable order and direct that judgment be entered so that the notice of appeal could be treated as filed immediately after entry of judgment. In the interest of judicial economy, however, we will skip that step and assume that it was done so that we may reach the merits and affirm. In the future, however, we will insist that appeals be from final appealable orders.

Appellants raise a number of issues on this appeal, all of which were presented to the trial court. As the opinion of the Honorable W. Parker Ruddock of the Court of Common Pleas of Indiana County ably disposes of those questions, we will affirm on the basis of that opinion. *In re: Condemnation in the Township of Center,* — D. & C. 3d — (1988).

## ORDER

NOW, July 25, 1989, the order of the Court of Common Pleas of Indiana County, dated June 10, 1988, at No. 1927 C.D. 1983–Civil Action–Law, is affirmed.