566 A.2d 1290

**Stavro N. SEMANDERES, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Oct. 4, 1989.
Decided Dec. 11, 1989.

Samuel P. Kamin, Goldberg & Kamin, Pittsburgh, for appellant.

Jeffrey L. Giltenboth, Sr. Asst. Counsel, Pittsburgh, William J. Cressler, Asst. Chief Counsel, John L. Heaton, Chief Counsel, Harrisburg, for appellee.

Before CRUMLISH, Jr., President Judge, CRAIG, BARRY, COLINS, PALLADINO, McGINLEY and SMITH, JJ.

SMITH, Judge.

Stavro N. Semanderes (Appellant) appeals from an order of the Court of Common Pleas of Allegheny County denying Appellant's motion for post-trial relief and entering judgment on the verdict of the jury which awarded Appellant $98,000 as compensation for the condemnation of his property by the Department of Transportation (Appellee). This Court affirms the trial court order.

Appellant raises various issues on appeal including whether Appellee should have been allowed to cross-examine Appellant's valuation expert concerning the purchase price of the subject property; whether the jury verdict was inadequate; whether Appellee's expert was improperly permitted to testify; and whether his testimony should have been stricken due to his failure to inspect the property.

Appellant purchased the subject property located in Pittsburgh, Pennsylvania in 1979 for $19,500. At the time of purchase, the building was vacant and Appellant began immediate repairs and renovations to parts of the building

to enable him to locate his office and warehouse at the site.[1] In 1982, Appellant received notice from Appellee that his property would be condemned, and at that point he ceased renovation of the building except for finishing his own office space. On May 29, 1985, the property was condemned in its entirety so that it could become the site of a ramp for the East Street Expressway.

The parties were unable to agree upon just compensation for the taking[2] and upon petition by Appellant, the trial court appointed a Board of Viewers pursuant to Section 502 of the Eminent Domain Code of 1964.[3] The Board of Viewers awarded Appellant $106,700 which was appealed by Appellant, and following a jury trial, a verdict of $98,000 was returned on February 11, 1988. Appellant filed a motion for post-trial relief and request for new trial on February 19, 1988. On February 21, 1989, the trial court issued an order denying Appellant's motion and entering judgment on the verdict of the jury. It is from this order that Appellant's appeal filed March 17, 1989 is taken.[4]

Prior to reviewing the merits of the appeal however, this Court's appellate jurisdiction must be addressed. The question of jurisdiction, raised *sua sponte* by this Court, has been addressed by both parties in their respective briefs. At issue is the timeliness of Appellant's notice of appeal and whether or not it was filed within the time limit of Pa.R. A.P. 903(a) which requires that appeals be filed within thirty days of entry of the order from which an appeal is taken.

1. Appellant is an engineer and painting contractor.

2. Appellant received $92,000 as estimated just compensation in May of 1986.

3. Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. § 1–502.

4. This Court's scope of review of the lower court's decision in eminent domain cases is limited to a determination of whether the court committed an abuse of discretion or an error of law. *McGaffic v. Redevelopment Authority of the City of New Castle,* 120 Pa.Commonwealth Ct. 199, 548 A.2d 653 (1988).

Except for certain exceptions (*see* Pa.R.A.P. 311), an order must be final to become appealable. An order is defined as a "judgment, decision, decree, sentence and adjudication." Pa.R.A.P. 102. It was thus necessary for the jury verdict of February 11, 1988 to be reduced to judgment in order for it to become final for purposes of appeal. *O'Donnell v. Bachelor*, 425 Pa. 626, 229 A.2d 755 (1967); *Rellick v. Redevelopment Authority of County of Indiana*, 127 Pa.Commonwealth Ct. 264, 561 A.2d 382 (1989). In addition to the requirement of finality, there are three requirements set forth in Pa.R.A.P. 301 which must be satisfied before a notice of appeal can be filed: (1) the order must be entered on the docket in the lower court; (2) the order must be set forth on a separate document; and (3) where required, the order must be reduced to judgment. *See* 1 Darlington, McKeon, Schuckers and Brown, Pennsylvania Appellate Practice, § 301:1 (1986).

The confusion in the case *sub judice* arises because of action taken by the trial judge upon return of the jury verdict. Review of the record indicates that the verdict returned by the jury and signed by its foreman on February 11, 1988 merely stated:

AND NOW, to-wit, this 11th day of Feb. 1988 the Jury empanelled in the above entitled case, finds 98,000.

It further appears from examination of the verdict that the trial court judge molded the verdict by adding the following language after the figure 98,000:

for the plaintiff, Stavro N. Semanderes, and against the defendant, Commonwealth of Pennsylvania, as molded by the Court.

The trial judge then signed his name to the verdict above the signature of the foreman. This molded verdict was entered on the general docket on February 12, 1988. The next entry on the general docket is March 10, 1988 when the court transcript of jury trial and notice of proof of filing was noted, and the final entry occurs on February 21, 1989 when the following was entered:

Feb. 21, 1989, Order denying motion for post-trial relief on behalf of pltf. and judgment is entered on the verdict of the jury.

It is well settled that a trial judge has the power to mold a jury's verdict to conform to the clear intent of the jury. *Wadatz v. Taormina*, 356 Pa. 481, 52 A.2d 220 (1947). Verdicts not technically correct in form "but which manifest a clear intent on the part of the jury may be corrected without resort to further jury deliberations or the grant of a new trial." *Rusidoff v. DeBolt Transfer Inc.*, 251 Pa.Superior Ct. 208, 212, 380 A.2d 451, 453 (1977). The trial judge's molding of the verdict in the case *sub judice* was appropriate as it is apparent that it was the jurors' intent to award Appellant $98,000 in compensation for the taking of his property and that they merely failed to add this additional language supplied by the trial judge.

Appellee argues that this molding of the verdict by the trial court and its subsequent entry on the general docket on February 12, 1988 constituted a reduction to judgment thus satisfying the requirements of Pa.R.A.P. 301. Appellant therefore had thirty days from the entry of the molded verdict to appeal and his filing some thirteen months later was untimely. Appellee cites *Rellick* as authority for this argument where an appeal was filed from the denial of a post-trial motion and motion for new trial. This Court raised *sua sponte* the issue of the finality of the order from which the Rellicks had appealed. Although a jury verdict had been entered in favor of the Rellicks, no judgment had been entered, and this Court consequently held that no final judgment existed for purposes of appeal.

*Rellick* is not controlling in the present case. There was no molding of the verdict and entry of the molded verdict upon the docket in *Rellick*. Appellee has cited no authority for its argument that the action of molding the verdict and its subsequent entry on the docket constitutes reduction to judgment, and moreover this Court is unaware of any such

authority.[5] The trial court order of February 21, 1989 is the final order for purposes of appeal thus rendering Appellant's notice of appeal timely filed.

Finally, a thorough review of the record indicates that all of the issues presented by Appellant on appeal to this Court were ably disposed of by the trial court. Accordingly, this Court affirms on the basis of the opinion issued by the Honorable Leonard C. Staisey of the Court of Common Pleas of Allegheny County in the matter of *Stavro N. Semanderes v. Department of Transportation,* — Pa.D. & C.3d — (No. GD86–16916, Civil Division, filed April 28, 1989).

## ORDER

AND NOW, this 11th day of December, 1989, the order of the Court of Common Pleas of Allegheny County is affirmed upon the opinion of the Honorable Leonard C. Staisey as filed in *Stavro N. Semanderes v. Department of Transportation,* — Pa.D. & C.3d — (No. GD86–16916, Civil Division, filed April 28, 1989).

**5.** Appellee further cites *Borough of Jefferson v. Bracco,* 113 Pa.Commonwealth Ct. 223, 536 A.2d 868, *appeal denied,* 522 Pa. 597, 562 A.2d 321 (1988) as authority that the filing of a motion for post-trial relief does not toll the appeal period. In *Bracco,* final judgment had been entered at the conclusion of a non-jury trial as opposed to a jury trial which occurred here. Further, this Court is of the opinion that the Rules of Civil Procedure regarding post-trial motions should apply to jury trial proceedings in eminent domain cases. *Bucks County Water and Sewer Authority v. Rawlings,* 129 Pa.Commonwealth Ct. 511, 566 A.2d 357 (1989).