567 A.2d 750

**In re CONVEYANCE OF 1.2 ACRES OF BANGOR MEMORI-AL PARK TO BANGOR AREA SCHOOL DISTRICT.**

**Appeal of The BOROUGH OF BANGOR.**

Commonwealth Court of Pennsylvania.

Argued Sept. 14, 1989.

Decided Dec. 13, 1989.

Alan B. McFall, Peter C. Layman, Cassebaum, McFall & Molnar, P.C., Bangor, for appellant.

Preston W. Moritz, James L. Zulick, Nazareth, and David J. Ceraul, Bangor, Peters, Moritz, Peischl & Zulick, Nazareth, for appellee.

Before McGINLEY and SMITH, JJ., and NARICK, Senior Judge.

McGINLEY, Judge.

This is an appeal by the Borough of Bangor (Borough) from an order of the Court of Common Pleas of Northampton County (Orphans' Court) denying the Borough's petition to seek approval of the transfer of 1.2 acres of Bangor Memorial Park (Park) to the Bangor Area School District (School District) for the construction of a new elementary school.

On June 5, 1950, the Borough of Bangor Council (Council) enacted Borough Ordinance 416 and officially dedicated the Park as a memorial to all veterans of the wars of the United States. The Park consists of approximately 34.35 acres. West of South Tenth Street lies the majority of the park including a football field, swimming pool, kiddie train, snack bar, fieldhouse and two basketball courts. Directly across

South Tenth Street to the east is a 1.2 acre tract of parkland.[1] It is this parcel the Borough seeks to convey.

In the Spring of 1987, the School District considered closing the elementary school and constructing a new one in the Borough or elsewhere. From March 2, 1987, through July 11, 1988, twelve public meetings were held to discuss the location for the proposed elementary school. On December 7, 1987, the Council voted to convey the 1.2 acre tract to the School District for the purpose of building a new elementary school. On December 21, 1987, the School District voted to accept the 1.2 acre tract.

On October 3, 1988, the Borough petitioned the Orphans' Court for approval of the conveyance pursuant to Section 4 of the Act of December 15, 1959, P.L. 1772, 53 P.S. § 3384 (Act).[2] The Borough proposed to replace the 1.2 acre tract with a 3.6 acre tract of land owned by the Borough. The taxpayers of the Borough (Appellees) opposed the conveyance and hearings were held on October 21, 1988, and October 31, 1988.[3] On December 8, 1988, the Orphans' Court denied the conveyance and dismissed the Borough's petition concluding that the Act did not apply because there had been a formal dedication and acceptance by the Borough to use the land as a public park.

**1.** On this smaller parcel are a lighted basketball court, restroom facilities, a pavilion and several stone fireplaces. (Opinion of the Orphans' Court, December 8, 1988, at p. 3.)

**2.** Section 4 of the Act relevantly provides:

When, in the opinion of the political subdivision which is the trustee, the continuation of the original use of the particular property held in trust as a public facility is no longer practicable or possible and has ceased to serve the public interest, or where the political subdivision, as trustee for the benefit of the public, is in doubt as to the effectiveness or the validity of an apparent dedication because of the lack of a record of the acceptance of the dedicated land or buildings, the trustee may apply to the orphans' court of the county in which it is located for appropriate relief.

**3.** The Deputy Attorney General of the Office of Attorney General of Pennsylvania participated in the October 31, 1988, hearing. (Opinion of the Orphans' Court at p. 4, n. 1.) The Attorney General did not oppose the proposed conveyance. (Letter from Office of Attorney General, October 4, 1988, Petitioner's Exhibit No. 12.).

The Orphans' Court determined that the public trust doctrine as set forth in *Trustees of the Philadelphia Museum v. Trustees of the University of Pennsylvania*, 251 Pa. 115, 96 A. 123 (1915) was not satisfied because the intended use would be for a school or educational use, not for use as a park. The Orphans' Court also concluded that under the Act the proposed conveyance would be improper because the Borough failed to establish that the continuation of the 1.2 acres as a park was no longer practicable as required by Section 4 of the Act.

■ Initially, we note that the Appellees' brief (brief of Appellee, p. 2) points out and the record reveal that exceptions were filed by the Borough on December 19, 1988, and remain undisposed of by the Orphans' Court.[4] On January 8, 1989, the Borough appealed to this Court. In order to reach the merits the appeal must be from a final order. (Pa.R.A.P. 341.)[5] A final order is one that ends the litigation, or alternatively disposes of the entire case and has the practical consequence of putting the litigant out of court. *Lansdowne v. G.C. Murphy Co.*, 358 Pa.Superior Ct. 448, 517 A.2d 1318 (1986); *Pugar v. Greco*, 483 Pa. 68, 394 A.2d 542 (1978).

■ In cases where the appellee challenges this Court's jurisdiction arguing that the order appealed from is interlocutory the appropriate remedy is to quash the appeal. *Hall-*

---

4. We note that exceptions are proper pursuant to local rules. *See* Rule 7 N7.2 of the Northampton County Rules of Civil Procedure (Orphans' Court). Such local rule is not inconsistent with Rule 3.1 of the Supreme Court Orphans' Court Rule (Pa.O.C. Rules) which relevantly provides that "the pleadings and practice shall conform to the pleadings and practice in equity in the local Court of Common Pleas." Pa.R.C.P. No. 1501 provides that "the procedure in an action in equity shall be in accordance with the rules relating to a civil action." Pa.R.C.P. No. 227.1 provides for the filing of a "written Motion for Post–Trial Relief" which replaces the filing of exceptions following a non-jury trial. *See* Pa.R.C.P. No. 227.1, Explanatory Comment. Finally, the local rule allowing for the filing of exceptions is not "inconsistent with any general rule of the Supreme Court or any Act of Assembly." *See* Pa.R.C.P. No. 239(b)(1).

5. Pa.R.A.P. 341 relevantly provides: "Except as prescribed in Subdivisions (b) and (c) of this rule, an appeal may be taken as of right from any final order of an administrative agency or lower court."

*stead Foundry v. Workmen's Compensation Appeal Board*, 66 Pa.Commonwealth Ct. 445, 445 A.2d 254 (1982). We also can raise the issue of jurisdiction *sua sponte* although neither party questions it and quash the appeal if the order is interlocutory and unappealable. *Husted v. Board of Directors of Wellsboro Area School District*, 57 Pa.Commonwealth Ct. 520, 427 A.2d 272 (1981). And more recently, where we could have quashed the appeal for lack of an appealable order we chose not to do so in the interest of judicial economy. *See Rellick v. Redevelopment Authority*, 127 Pa.Commonwealth Ct. 264, 561 A.2d 382 (1989). In *Rellick* the appellants Edward and Sandra Rellick appealed from the trial court's order denying appellants' motion for post-trial relief. In *Rellick* we determined that the trial court's order was interlocutory because the jury verdict had not been reduced to judgment and that we could quash the appeal and direct that judgment be entered in accordance with Pa.R.A.P. 905. However, we declined to do so in the interest of judicial economy and reached the merits of the case. The circumstances in the present controversy warrant a similar result. The exceptions filed by the Borough raise the identical issues that were presented to and disposed of by the Orphans' Court and which are raised and argued before this Court. In doing so we emphasize as we did in *Rellick* that "[i]n the future, however, we will insist that appeals be from final appealable orders." *Id.*, 127 Pa.Commonwealth Ct. at 268, 561 A.2d at 383.

 On appeal the Borough argues that: 1) the proposed conveyance of the 1.2 acre tract of land was governed by the Act; and 2) the proposed conveyance complied with the provisions of the Act.

These issues were raised before the Orphans' Court and ably disposed of in the comprehensive opinion of the Honorable William F. Moran of the Court of Common Pleas of Northampton County. As a result we shall affirm on the basis of that opinion. *In Re: Conveyance of 1.2 Acres of Bangor Memorial Park to the Bangor Area School Dis-*

*trict,* at —— D. & C. —— 3rd, No. 1988–1138 Orphans' Court, opinion filed December 8, 1988.

## ORDER

AND NOW, this 13th day of December, 1989, the order of the Court of Common Pleas of Northampton County Orphans' Court at No. 1988–1138, dated December 8, 1988, is hereby affirmed.