631 A.2d 754

**Melvin STRATHEN and Edward Winschel, Appellants,**

v.

**BOROUGH OF ETNA, Tony Damiano, Mayor Peter F. Ramage, David Becki, Calvin Eichhorn, Nicholas Grubic, Edward Haggerty, Vincent Jones, Gabriel Pagliaro, John Tomichek, Steve Truban, Members of Etna Borough Council.**

Commonwealth Court of Pennsylvania.

Argued June 15, 1993.

Decided Aug. 26, 1993.

Stephen J. O'Brien, for appellants.

Ronald H. Heck, for appellees.

Before DOYLE and SMITH, JJ., and KELTON, Senior Judge.

KELTON, Senior Judge.

■ In this action against the Borough of Etna (the Borough), Melvin Strathen and Edward Winschel (Appellants and furloughed officers) appeal the orders of the Honorable I. Martin Wekselman of the Court of Common Pleas of Allegheny County (trial court), refusing mandamus relief and denying Appellants' post-trial motion for judgment N.O.V.[1] We affirm.

Acting under the civil service provisions of The Borough Code (Code)[2] and under what the trial court found to be valid economic reasons, the Borough furloughed three full-time police officers and replaced them with four part-time police

---

1. Although the trial court's orders were not final at the time of the officers' appeal to this Court, this oversight has now been corrected by the entry of judgment in that court and we may treat the notice of appeal as filed after the entry of a final order and consider the case on the merits. *See* Pa.R.A.P. 905(a); *Rellick v. Redevelopment Authority of the County of Indiana,* 127 Pa.Commonwealth Ct. 264, 561 A.2d 382 (1989).

2. Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. §§ 46190 and 46195.

officers with non-civil service status. The Borough directed that the four new part-time officers were to work a total number of hours which were equivalent to the number of hours worked by *one* of the furloughed full-time officers.

At issue here is whether, in making these changes, the Borough, in effect, *increased* the size of the "police force" (as defined in Section 1195 of the Code) and thereby violated the provisions of Section 1190 of the Code by failing to reinstate the furloughed officers to civil service status.

Section 1190 provides, in relevant part, as follows:

If for reasons of economy or other reasons it shall be deemed necessary by any borough *to reduce the number of paid employes of the police* or fire *force,* then such borough shall apply the following procedure: (i) [reduction starting with employes eligible for retirement], (ii) [then furlough of other employes] commencing with the person last appointed.... In the event the said police force or fire force shall again be increased the employes furloughed shall be reinstated in the order of their seniority in the service....

53 P.S. § 46190 (Emphasis added).

Section 1195, in relevant part, provides:

*Police force* as used in [the civil service provisions] of this article *shall mean a police force* organized and operating as prescribed by law, *the members of which devote their normal working hours to police duty* or duty in connection with the bureau, agencies and services connected with police protection work, and who are paid a stated salary or compensation for such work by the borough. *Police force* as used in this subdivision *shall not include:*

(1) Any special police appointed by the mayor to act in emergencies,

(2) Any person appointed solely for parking meter enforcement duties,

(3) Any special school police,

(4) *Any extra police serving from time to time or on an hourly or daily basis,* or,

(5) Any auxiliary policeman appointed under the act of January 14, 1952 (P.L. 2016) [to act in any period of distress, disaster or emergency].

53 P.S. § 46195 (Emphasis added).

 Initially, we note that mandamus is appropriate only where the party seeking relief has demonstrated that there is a clear right to the performance of a ministerial act or mandatory duty, a corresponding duty of the opposing party, and the absence of any other adequate and appropriate remedy. *Mueller v. Pennsylvania State Police Headquarters*, 110 Pa.Commonwealth Ct. 265, 532 A.2d 900 (1987). Our scope of review is limited to determining whether the trial court abused its discretion, *Maloney v. City of Philadelphia*, 111 Pa.Commonwealth Ct. 634, 535 A.2d 209 (1987), *petition for allowance of appeal denied*, 519 Pa. 669, 548 A.2d 258 (1988), or committed an error of law, *Cottone v. Kulis*, 74 Pa.Commonwealth Ct. 522, 460 A.2d 880 (1983). We underscore that judgment N.O.V. is an extreme remedy which should be entered only in a clear case after evaluation of the evidence and all reasonable inferences therefrom in the light most favorable to the verdict winner. *Cottone.*

The facts as found by the trial court may be summarized as follows. Appellants and Gregory Steinmetz, who is not a party to this action, worked as regular, full-time police officers for the Borough. On December 5, 1990, the Borough notified the three officers, the most junior in seniority on the force, of its decision to furlough them effective January 1, 1991. The Borough offered each officer the opportunity to return to work on a part-time, non-civil service basis, at a reduced hourly wage and without fringe benefits. Only Officer Steinmetz accepted the Borough's offer. The Borough hired four such part-time officers, including Officer Steinmetz. However, the four part-time officers work a total number of hours equivalent to the number of hours worked by *one* full-time officer.

Appellants filed an action in mandamus seeking reinstatement to the Borough police force with full wages and benefits retroactive to December 31, 1990.

On August 11, 1992, Judge Wekselman entered a non-jury verdict in favor of the Borough. In denying the furloughed officers' requested mandamus relief, he held that the Borough, motivated by legitimate concern for financial problems, acted within its discretion in furloughing the officers. Judge Wekselman found as follows:

> The Borough of Etna, like many municipalities in this County, is suffering from the effects of a sharp decline in the basic heavy industry of the area, an aging of its population and the general economic recession which has affected much of the nation. At the time of the furloughs the Borough was in dire economic straits and these furloughs, together with other economies and revenue increases, were all that prevented looming insolvency.

Trial court's August 11, 1992 opinion at 3.

The court distinguished the case relied upon by Appellants, *Mack v. Hoover*, 342 Pa. 291, 20 A.2d 757 (1941), in which the municipality's concern for economy had been found to be merely pretextual.

The court also determined that the hiring of four part-time officers did not increase the size of the police force so as to require the Borough to reinstate the furloughed officers under Section 1190 of the Code. The court reasoned that, as the four part-time officers worked the hours of only one full-time officer, the force was still operating two officers short of the number employed prior to the furloughs. Thus, the court concluded that the furloughed officers had failed to demonstrate a clear right to relief in mandamus.

The furloughed officers filed a motion for post-trial relief in the form of a motion for judgment N.O.V. For the reasons stated in his August 11, 1992 opinion, Judge Wekselman entered an order denying the officers' motion on October 20, 1992. The furloughed officers then appealed to this Court.

■ The civil service sections of the Code prescribe the limits and conditions under which a borough may remove persons employed in the borough's police force. As noted above, under Section 1190 of the Code, a borough may reduce

the number of paid employees in its police force for economic reasons. "The only limitation imposed on the power of a municipality to act in the reduction of its police civil service workforce for economy or other reasons is that it must act in good faith." *Kraftician v. Borough of Carnegie*, 35 Pa.Commonwealth Ct. 470, 473, 386 A.2d 1064, 1066. However, economic concerns cannot justify action that is violative of civil service laws. *Mack v. Hoover.* "Thus, where there is affirmative evidence of bad faith on the part of municipal officials or where the facts show a patent attempt to circumvent civil service provisions, our Courts have held a municipality's exercise of this power may be illegal." *Kraftician*, 35 Pa.Commonwealth Ct. at 473, 386 A.2d at 1066.

In order to reduce the number of employees in a police force, Section 1190 of the Code permits a borough to furlough employees in numerical order commencing with the last employee appointed to the force until such reduction is accomplished. However, that same section provides that "[i]n the event that said police force ... shall again be increased the employes furloughed shall be reinstated in the order of their seniority of service." The term "police force," as used in the Code, without mention of civil service status, refers to police officers who "devote their normal working hours to police duty" and expressly excludes, inter alia, "[a]ny special police appointed by the mayor to act in emergencies," or "[a]ny extra police serving from time to time or on an hourly or daily basis." Section 1195 of the Code, 53 P.S. § 46195.

In *Mack v. Hoover*, relied upon by Appellants, our Supreme Court held that the mayor of the City of DuBois had illegally attempted to nullify civil service laws by replacing a police sergeant with a non-civil service sanitary inspector under the guise of economy, a one-for-one exchange. Appellants interpret *Mack* to preclude the substitution of police officers with non-civil service employees.

We conclude that Appellants have misinterpreted our Supreme Court's decision in *Mack*, incorrectly expanding its application. In *Mack*, the Supreme Court held that the City of Dubois, by using *purported* economies as a pretext, could

not justify replacing a civil service police sergeant with a sanitary inspector who was not so qualified. *Mack* does not stand for the proposition that a borough may *never* replace civil service employees with employees in non-civil service positions for economic reasons.

▮ Section 1190 of the Code specifically empowers the Borough to reduce the size of its police force for valid economic reasons. Here, the trial court found substantial evidence that dire financial problems had motivated the Borough's actions, thus evidencing the Borough's good faith. *Compare Conyer v. Borough of Norristown,* 58 Pa.Commonwealth Ct. 629, 428 A.2d 749 (1981), where a furlough of police officers, due to budgetary concerns, was found to be in good faith, even though the officers were not found to be unneeded.

▮ We believe that a good faith reduction in force size for economic reasons presupposes that the Borough effect an actual reduction in the size of its force. Therefore, we necessarily turn to the question of whether the Borough actually reduced the size of its force. Appellants contend that by furloughing three officers and then immediately hiring four part-time officers, the Borough increased the size of the force by one officer. According to Appellants, the plain language of the Code mandates consideration of the *number of officers* employed rather than the *numbers of hours worked* by the officers in determining whether there has been a decrease or an increase in the size of the force.

We, however, agree with the well reasoned judgment of the trial court that the practical effect of the Board's actions was to decrease the size of the force from three officers to one.[3]

---

3. Additionally, the Borough argues on appeal that the plain language of Section 1195 of the Code specifically excludes part-time officers from consideration of force size. Although "from time to time" and "on an hourly basis" as used in Section 1195(4) are not defined in the Code, the trial court made no findings to indicate that the part-time officers were employed on anything other than a regular, but part-time basis, devoting their normal working hours to police duty. We do not address that specific question here.

Therefore, we conclude that the Borough acted lawfully and in good faith in seeking to reduce expenditures through a reduction in force size. As a result, we also hold that the Borough had no obligation under the Code to reinstate the furloughed officers.

Our decision does not permit a borough, for reasons of economy, to replace its entire police force with officers, in non-civil service status, performing the same duties and working the same number of hours, but for less pay. We reiterate that inherent in the concept of a good faith reduction in force size for economic reasons, is the idea that the borough must effect a realistic reduction in the size of the force. Our narrow holding is that the trial court did not abuse its discretion or commit an error of law in holding that the Borough's action was a reduction in force equal to the time worked by two full-time officers and that there was no clear right to mandamus relief.

Accordingly, we hold that the trial court properly denied Appellants' motion for judgment N.O.V. and affirm the judgment of the trial court.

## ORDER

**AND NOW**, this 26th day of August, 1993 the order of the Court of Common Pleas of Allegheny County dated October 20, 1992 is hereby affirmed.