**FORTY FORT BOROUGH**

v.

**Joseph G. KOZICH, Jr., Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 15, 1995.

Decided Dec. 26, 1995.

Joseph J. Yeager, for appellant.

William R. Keller, for appellee.

Before DOYLE and NEWMAN, JJ., and MIRARCHI, Senior Judge.

DOYLE, Judge.

Joseph G. Kozich, Jr. appeals an order of the Court of Common Pleas of Luzerne County which reversed an order of the Forty Fort Civil Service Commission (Commission) compensating Kozich for salary and medical insurance premiums he lost when Forty Fort Borough (Borough) furloughed him from his full-time position and subsequently rehired him as a part-time employee.

Kozich was employed by the Borough as a full-time fire truck driver; he worked forty hours per week at $10.85 per hour, and the Borough provided him with medical insurance. In the summer of 1993 the Borough was experiencing economic problems and elected to reduce its work force. Since Kozich was the last appointed employee of the Borough's fire department, he was furloughed from his full-time employment effective September 1, 1993. However, Kozich was immediately rehired by the Borough as a "part-time" employee; he continued to work forty hours each week performing the same duties on the same shift as he did when he was a full-time employee, but his pay was reduced to $6.50 per hour and the Borough ceased paying his medical insurance premiums. Ultimately, Kozich was reinstated to his full-time position on January 1, 1994.

On September 22, 1993, prior to his reinstatement to a full-time position, Kozich filed an appeal with the Civil Service Commission. After a hearing, the Commission concluded that the Borough's decision to furlough Kozich from his full-time position and, thereafter, to provide him the same work at reduced pay, constituted the improper replacement of a civil service employee with a non-civil service employee. The Commission further found that there was no actual reduction of employees in the Borough's fire department. The Commission, therefore, awarded Kozich $3,026.40 to compensate him for the salary and medical insurance premiums he lost during the four months he was a "part-time" employee.

The Borough appealed the Commission's decision to the common pleas court. The common pleas court sustained the Borough's appeal, holding that the Commission erred as a matter of law in awarding Kozich back salary and benefits. In rendering that decision, the common pleas court did not discuss the reasoning underlying the Commission's determination, namely that the Borough never actually reduced the employees of the fire department and that Kozich was converted into a non-civil service employee. Instead, the court considered, and rejected, an argument raised by Kozich, asserting that the Borough was required to retire a *police* officer who had reached retirement age before it furloughed him. The common pleas court held that Section 1190 of the Borough Code,[1] 53 P.S. § 46190, did not require the Borough to retire a police officer before furloughing a fire fighter, and, even if the statute supported Kozich's argument, involuntary retirement of the police officer based on age would violate federal age discrimination law. *Equal Employment Opportunity Commission v. City of Altoona*, 723 F.2d 4 (3d Cir. 1983), *cert denied*, 467 U.S. 1204, 104 S.Ct. 2386, 81 L.Ed.2d 344 (1984). This appeal followed.

1. Act of February 1, 1966, P.L. (1965) 1656, *as amended.*

On appeal, Kozich contends that the common pleas court erred in reversing the Commission's order, because (1) there was no actual reduction in force and the Borough transformed him from a civil service employee into a non-civil service employee, and (2), under Section 1190 of the Borough Code, the Borough was required to retire a police officer who reached retirement age before it furloughed him as a fire fighter.[2]

■ We will begin by considering Kozich's contention that the Borough was required under Section 1190 to retire a police officer instead of furloughing him, since that issue involves whether Kozich was properly targeted for furlough in the first instance. Section 1190 of the Borough Code, which establishes the formula a borough must utilize when furloughing employees for economic reasons, provides in pertinent part:

> If for reasons of economy ... it shall be deemed necessary by any borough to reduce the number of paid employees of the police *or* fire force, then such borough shall apply the following procedure: (i) if there are any employes eligible for retirement under the terms of any retirement or pension law ... then such reduction in numbers shall be made by the retirement of such employees, starting with the oldest employe and following in order of age respectively, (ii) if the number of paid employes in the police force *or* fire force eligible to retirement is insufficient to effect the necessary reduction in numbers, or if there are no persons eligible for retirement, or if no retirement or pension fund exists, then the reduction shall be effected by furloughing the person or persons, including probationers, last appointed to the respective force. Such removal shall be accomplished by furloughing in

numerical order commencing with the person last appointed.... (Emphasis added.)

53 P.S. § 46190.

■ Kozich's assertion that the Borough was required to retire a police officer before it furloughed him is an improper interpretation of Section 1190 of the Borough Code. In Section 1190, the Legislature prescribes the procedure for reducing the number of employees "of the police *or* fire force." The word "or" must be given its normal disjunctive meaning in a statute, unless such a construction would produce an unreasonable result. *Commonwealth ex rel. Specter v. Vignola*, 446 Pa. 1, 285 A.2d 869 (1971). Under the plain language of Section 1190, fire departments and police departments are separate and distinct units. Accordingly, a borough is required to apply the force reduction formula in Section 1190 to fire fighters when reducing the employees of a fire department, or to police officers when reducing its police force. Nothing in that Section requires a borough to consider the status of the employees in both its police *and* fire departments when the borough seeks to reduce the employees in only one of the forces. Therefore, the Borough was not mandated under Section 1190 to retire or furlough a police officer before furloughing Kozich, a fire department employee.[3]

■ Kozich further contends that the Borough did not conduct a good faith reduction of its work force.

■ A Borough may reduce its work force for economic reasons so long as it makes that decision in good faith. *Kraftician v. Borough of Carnegie*, 35 Pa.Cmwlth. 470, 386 A.2d 1064 (1978). There is affirmative evidence of bad faith on the part of a borough if the facts show a patent attempt to circumvent civil service laws. *Id.* Further, a good faith reduction in force for economic

---

2. Kozich's statement of the question involved in his brief is as follows: "Did the Court of Common Pleas of Luzerne County improperly grant the appeal of the Borough of Forty Fort ...?" It is impossible to determine from that statement what issues Kozich is raising before this Court. However, because the issues on appeal can be discerned from Kozich's argument, this error does not impair meaningful appellate review.

3. Because we reject Kozich's contention that the Borough was required to retire a police officer, we need not consider the Borough's argument that involuntary retirement of a police officer under Section 1190 constitutes illegal age discrimination, and we express no opinion with regard to the common pleas court's reasoning in that regard.

reasons presupposes that the borough actually reduces the size of its work force. *Strathen v. Borough of Etna*, 158 Pa.Cmwlth. 195, 631 A.2d 754 (1993), *petition for allowance of appeal denied*, 537 Pa. 644, 644 A.2d 166 (1994).

In *Strathen*, the Borough of Etna furloughed three full-time police officers and then offered them part-time work at a reduced hourly wage and without fringe benefits. One of the furloughed officers accepted the part-time position and the borough hired three other part-time officers. The four part-time officers worked a total number of hours equivalent to the number of hours worked by one full-time police officer. Thereafter, the furloughed officers filed a mandamus action to force the borough to reinstate them to the police force, asserting that the borough actually increased the size of the police force by replacing three full-time officers with four part-time officers. The trial court, however, denied the mandamus action holding that there was a valid economic reason for furloughs and that the borough did not increase the size of the police department. The trial court determined, considering the hours worked by all the part-time police officers, that those officers collectively worked the hours of only one full-time officer. Therefore, the police department was, in reality, short two full time officers. After the trial court denied the officers' post trial motion, they appealed to this Court.

On appeal, we held that the trial court did not err in determining that the police department was not expanded, because, considering the number of hours worked by all the part-time officers, the practical effect of the borough's actions was to reduce the size of the department from three officers to one. We noted, however, that

> [o]ur decision does not permit a borough, for reasons of economy, to replace its entire police force with officers, in non-civil service status, performing the same duties and working the same number of hours, but for less pay. We reiterate that inher-

ent in the concept of a good faith reduction in force size for economic reasons, is the idea that the borough must effect a realistic reduction in the size of the force. *Strathen*, 631 A.2d at 758.

Kozich does not dispute that the Borough had valid economic reasons for initiating a reduction in force. Instead, Kozich argues that the Borough never actually reduced its force, because the Commission found that, after the Borough rehired him as a part-time employee, he worked the same job and same number of hours each week as he did as a full-time employee. The only things reduced by the Borough, in Kozich's view, were his salary and benefits. Kozich's situation, however, cannot be considered in a vacuum, and the fact that Kozich's hours and job remained constant does not, in itself, demonstrate that the Borough never reduced the size of its fire department.

We held in *Strathen* that, in situations where the number of police or fire employees of a borough remains the same or is increased, a good faith reduction in force for economic reasons may nevertheless occur, when the overall number of hours worked by the borough's fire or police employees is reduced. Here, while the Commission found as fact that the size of the Department was not reduced, Kozich and the Borough both state in their briefs that, after his furlough, Kozich was one of five part-time fire department employees.[4] Thus, under *Strathen*, even considering the established facts that Kozich worked the same hours before and after his furlough and that the size of the department was not lessened, the Borough could have properly reduced its force by decreasing the work hours of the other part-time employees of the Borough's fire department.

In the instant case, neither the Commission nor the trial court made any findings of fact concerning the number of hours worked by the part-time fire department employees. Therefore, we must remand this case to the common pleas court to make additional findings as to the number of hours worked by

---

4. While the Commission made no finding on the number of full-time employees of the fire department, the record suggests that there were three full-time employees in addition to the five part-time employees.

each of the part-time employees, both before and after Kozich's furlough. If the court finds that the hours worked by all of the part-time fire department employees after Kozich's furlough was the same or in excess of the hours worked before his furlough, the Borough did not conduct a good faith reduction in force. On the other hand, if the evidence shows that the hours worked by the part-time fire department employees substantially decreased after Kozich's furlough, the Borough reduced its force in good faith. The common pleas court may receive additional evidence, if necessary, to make the above findings.

Accordingly, the common pleas court's order is vacated and this case is remanded for proceedings consistent with this opinion.

### ORDER

NOW, December 26, 1995, the order of the Court of Common Pleas of Luzerne County in the above-captioned matter is vacated and this case is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.