# Delaware Valley Factors, Inc. *v.* McDonough, Appellant.

598

Argued April 26, 1960. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN and EAGEN, JJ.

*Edward M. Snyder*, with him *Fred Lowenschuss*, for appellant.

*Louis J. DiGiacomo*, with him *Zoob & Matz*, for appellee.

OPINION BY MR. JUSTICE EAGEN, June 30, 1960:

This is an action in assumpsit arising out of a factoring contract entered into between plaintiff-appellee, Delaware Valley Factors, Inc., and Evaco, Inc., engaged in the business of selling furniture. The defendant-appellant signed as the guarantor of the obligations of Evaco. The issue was tried before a judge without a jury and judgment entered in favor of the plaintiff. Exceptions to the findings were dismissed and from the judgment entered this appeal followed.

Under the terms of the contract, plaintiff-appellee agreed to purchase from Evaco a quantity of its accounts receivable and other choses in action and to advance fifty per cent of the face value of all accounts so purchased. Evaco was to pay the factor one-fifteenth of one per cent per day "compensation"[1] upon the amount of the purchase money outstanding on accounts as yet uncollected. Evaco was to be credited with payments received by plaintiff-appellee on any account, which exceeded the amount advanced by the latter. In the event any purchased account or portion thereof failed of collection, Evaco agreed to pay on demand to plaintiff the amount still due.

This action as stated in the complaint involved an alleged default in eighty-five purchased accounts for which plaintiff-appellee advanced the sum of $37,674.24. The pleading states that a total of $4,937.66 was collected on these accounts leaving a principal balance due in the amount of $32,736.58, which had not been paid by Evaco on demand. This action is for this amount with interest from April 5, 1957.

The answer denied that the complaint set forth the true balance due. It admitted that plaintiff-appellee had advanced the amount of money stated in the complaint but averred that the total amount of accounts purchased was not set forth in the complaint and all credits due were not given.

Six months after the taking of testimony was completed the trial judge entered a short memorandum stating that "upon the present state of the record it is not possible to determine what amount, if any, is due

---

[1] "Compensation" is the word used in the factoring contract entered into by plaintiff and Evaco, Inc. It is insisted by plaintiff that it was correctly so used and that, as a matter of fact, compensation is what it really was. In the face of this, defendant contends that it was "interest."

plaintiff" and ordered that both parties state an account of the entire transaction involved in their business dealings. This was done and according to the account filed by the plaintiff-appellee the sum of $28,-943.99 was the total principal balance uncollected and due [2] on all accounts purchased which in number totalled one hundred and seventy-seven. Subsequently, the court entered judgment for the plaintiff-appellee in the full sum shown to be due by this account, namely, $28,943.99 plus interest from June 30, 1959.

In view of the maze of figures and quality of proof submitted we can well understand the court's difficulty in ferreting out the true amount of money actually due plaintiff in this issue. The account stated by the plaintiff-appellee undoubtedly played at least a major part in the court's consideration and ultimate conclusion. It may well be that the court accepted this statement upon its face value. This statement of account was unverified and the defendant-appellant had no opportunity to examine under oath the individual responsible for its preparation. It was clearly ex parte. The statement covered defaults and credits, charges for collection, and interest on a total of one hundred and seventy-seven accounts, rather than on only the eighty-five sued upon. During the trial, the court restricted appellant's cross-examination to those sued upon and denied inquiry into the additional accounts involved in the dealings of the parties. Therefore, the judgment entered was based solely, or at least in large part, upon evidence not given under oath and as to which the affected party was denied the right of cross-examination. This was error, particularly in view of the difficult situation presented for determination and

---

[2] This figure included financing charges, refrigerator services and other such items.

the fact that it went to the heart of the entire controversy.

In addition, the testimony discloses that in several instances the plaintiff repossessed the goods which were the subject matter of the accounts involved. The court denied the defendant the right to inquire into the details of these repossessions. Under the circumstances, it appears to us that this examination would have been proper and relevant, particularly in view of the fact that in its latest account plaintiff claims a refund for repossession costs.

During the trial, the court indicated that a proper finding would require turning over all of the records involved to an impartial accountant or auditor for examination and analysis. This would certainly be a sensible procedure and facilitate a just result. Judges are not expected to be certified public accountants.

Judgment reversed and a new trial ordered.