600 A.2d 630

**In re Appeal of the City of Pittsburgh from the Action of the Board of Property Assessment, Appeals and Review of Allegheny County in Regard to Property Owned by Allegheny County Industrial Situate in the City of Pittsburgh, Allegheny County, Pennsylvania.**

**Appeal of 322 BOULEVARD ASSOCIATES.**

Commonwealth Court of Pennsylvania.

Argued Oct. 7, 1991.

Decided Nov. 27, 1991.

Richard W. Kelly, Sr., for appellant.

John Regis Valaw, Asst. City Sol., for appellee.

Before COLINS and PALLADINO, JJ., and BARRY, Senior Judge.

PALLADINO, Judge.

Appellant, 322 Boulevard Associates, (Taxpayer) appeals an order of the Court of Common Pleas of Allegheny County adopting the report of a board of viewers acting as special masters (masters) in this tax assessment case. We vacate and remand.

Taxpayer is the equitable owner of an eight-story office building in the City of Pittsburgh (City). As such, Taxpayer is responsible for paying real estate taxes on the property. In 1984, the Board of Assessment, Appeals and Review (board) assessed the property at a total value of $737,500. ($47,500 for the land and $690,000 for the building). Taxpayer appealed to the board which revised its assessment to $500,000 ($100,000 for the land and $400,000 for the building). The City appealed the revised assessment.

In 1986, the board reassessed the property at a total value of $1,095,000 ($100,000 for the land and $995,000 for the building). Taxpayer appealed the new assessment and the board revised the assessment by lowering its assessment on the building to $762,500, which reduced the total assessment to $862,500. The City also appealed this revised assessment.

A hearing was scheduled for November 13, 1987 before the masters; however, that hearing was postponed.[1] A hearing on the consolidated appeals (from the 1984 assessment and the 1986 assessment) was eventually held before the masters on March 28, 1988.

At the hearing, the City introduced evidence of the fair market value of the property. Taxpayer attempted to introduce evidence of the comparative assessment values of neighboring properties. The City objected and argued waiver on the ground that evidence on the issue of uniformity of assessment was not relevant to the issue of market value of the property, which was the issue upon which the City's appeal was based. The City asserted that the uniformity issue could not be raised by Taxpayer in the City's appeal. The City's objection was sustained by the masters.

The masters' report accepted the valuation testimony of the City's witness. The trial court entered an order adopting the masters' report. Taxpayer filed exceptions to the trial court's order. The trial court granted one of the exceptions, denied the others, and remanded to the masters

1. As of November 19, 1987, the masters began reviewing all tax assessment appeals in the county pursuant to a local rule of court.

to find the appropriate ratio of assessment to market value and to apply that ratio to the market value which had been determined by the masters. The masters then issued a supplemental report. The trial court entered an order adopting the supplemental report.

Taxpayer appeals that order, raising the following issues: (1) whether the trial court erred by referring the real estate tax assessment appeal to the masters; and (2) whether the trial court erred by entering an order adopting the masters' report when the masters (a) had refused to accept evidence on the issue of uniformity of taxation and (b) had made a market value finding which subjected Taxpayer to a greater burden of taxation than other property owners similarly situated.

■ Taxpayer argues that the trial court was without authority to appoint masters because, when the City took its appeal from the board, section 518.1 of The General County Assessment Law (Act), Act of May 22, 1933, P.L. 853, *as amended*, 72 P.S. § 5020–518.1, added by section 2 of the Act of December 28, 1955, P.L. 917, controlled the procedure of an appeal of a real estate tax assessment and the Act did not specifically provide for the use of masters.[2]

Taxpayer argues that the trial court's local rule, which provided that all tax assessment appeals of this type be referred to masters was inapplicable to Taxpayer's case because it was promulgated after the City's appeal was taken. The trial court's rule cites as its authority an April 11, 1986 directive of Chief Justice Robert C. Nix, Jr. of the Supreme Court of Pennsylvania. 55 Judicial Administrative Docket No. 1; 16 Pa.B. at 1484–85 (1986). That directive provides that judges may appoint a special master or masters to assist them in performing their various functions. Taxpayer argues that the directive is also inapplicable because it was promulgated after the commencement of the City's appeal.

2. The Act has since been amended to provide for the appointment of a board of viewers in tax assessment appeals. *See* Act of May 26, 1988 which added subsection (c) to section 518.1, 72 P.S. § 5020–518.1(c).

We deem meritless Taxpayer's argument that the trial court was without authority to appoint masters because there was no rule or statute in effect when the City took its appeal authorizing the trial court to appoint masters. Courts historically possess the inherent authority to appoint masters to assist them in performing their various functions. The supreme court, in issuing its directive, merely set forth in writing that which is a commonly accepted judicial tool for performing its functions. *See Delaware Valley Factors, Inc. v. McDonough*, 400 Pa. 597, 162 A.2d 678 (1960); *Brown Trust*, 10 Pa.D. & C.2d 93 (1957).

Taxpayer also relies upon two decisions of this court, *Savko v. Board of Property Assessment, Appeals and Review (Savko I)*, 109 Pa.Commonwealth Ct. 531, 516 A.2d 107 (1986), *vacated, Savko v. Board of Property Assessment, Appeals and Review of Allegheny County (Savko II)*, 109 Pa.Commonwealth Ct. 540, 531 A.2d 576 (1987), in support of their argument that in appeals which were commenced before the promulgation of the local rule providing for the use of masters, the exclusive procedure under the Act was trial by a judge. In *Savko II*, this court upheld a local rule which required that tax appeals involving $100,-000 or less be referred to compulsory arbitration, but held that an appeal initiated before the local rule was promulgated was not subject to compulsory arbitration.

This court's analysis in the *Savko* cases, regarding the issue of whether the Act requires that a judge hear tax appeal cases or whether those cases may properly be referred to arbitrators, is not applicable to the question before us. In the instant case this court must determine whether masters may be used by a court in deciding tax assessment cases. In considering that question we note that an arbitrator's decision is final, and binding upon the parties, unless it is appealed to a trial court, *Smith Case*, 381 Pa. 223, 112 A.2d 625 (1955); *Savko II*. By contrast, a masters report is not a final decision, and unless adopted by the trial court, has no effect whatsoever on the parties. There is an absolute right of appeal from an arbitrator's award, but the

report of a master is advisory only and must be incorporated into an order of a trial judge to be appealable. In light of the important distinction between the functions and powers of arbitrators and the functions and powers of masters, we hold that the trial court did not err by referring this case to the masters.

The second issue presented for resolution by this appeal is whether the trial court erred by entering an order adopting the masters' report when the masters (a) had refused to accept evidence on the issue of uniformity of taxation and (b) had made a market value finding which subjected Taxpayer to a greater burden of taxation than other property owners similarly situated. At the hearing before the masters, Taxpayer attempted to introduce evidence to show that the assessment of neighboring properties was not uniform and that Taxpayer was subject to a greater burden of taxation. The City objected to this evidence on the ground that it was not relevant to the issue of market value of the property, which was the issue upon which the City's appeal was based. The City asserted that the issue of uniformity could not be raised by Taxpayer in the City's appeal. The City's objection was sustained by the masters.

The issue of uniformity is not a separate issue. To be constitutional, tax assessment must be uniform throughout the entire taxing district. *Valley Forge Golf Club, Inc. v. Board for the Assessment and Revision of Taxes in Montgomery County*, 3 Pa.Commonwealth Ct. 644, 285 A.2d 213 (1971). The mere fact that a property is assessed at or below market value is not conclusive of the validity of the assessment. *Id.*, 3 Pa.Commonwealth Ct. at 649, 285 A.2d at 216. Further, the Act requires that the trial court, in its de novo review of the assessment, give "due regard to the valuation and assessment made of other real estate" in the city. Section 518.1 of the Act.

The masters erred by refusing to consider Taxpayer's evidence on the issue of uniformity, and because of this the trial court erred by adopting the masters' report. Accord-

ingly, we vacate the trial court's order and remand this case to the trial court for the taking of evidence on the issue of uniformity of assessment and for a determination of whether, after examining that evidence, the assessments in this case were uniform.

PELLEGRINI, J., did not participate in the decision in this case.

## ORDER

AND NOW, November 27, 1991, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is vacated and this matter is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.