J. A15013/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BERNIE ENTERPRISES, INC., | : | IN THE SUPERIOR COURT OF |
| DONALD METZGER AND BAILEY & | : | PENNSYLVANIA |
| BILLERA ENTERPRISES, INC. | : | |
| | : | |
| v. | : | |
| | : | |
| MICHEAL FOSTER, INDIVIDUALLY, | : | |
| MICHEAL FOSTER, TRUSTEE, AND | : | |
| HEYWOOD E. BECKER | : | No. 55 EDA 2012 |
| | : | |
| APPEAL OF:  MICHEAL FOSTER | : | |

Appeal from the Order, November 23, 2011,
in the Court of Common Pleas of Lehigh County
Civil Division at No. 2006-C-0035

BEFORE:  FORD ELLIOTT, P.J.E., DUBOW AND JENKINS, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED AUGUST 17, 2016**

Micheal Foster appeals from the order of November 23, 2011, granting plaintiffs/appellees' motion to declare the November 1, 2010 settlement agreement complete and directing the clerk of courts to mark the matter settled, discontinued, and ended with prejudice.  We affirm.

The trial court has described the history of this matter as follows:

> These attenuated matters proceeding under the above-captioned consolidated cases stem from disputes arising out of the disposition of proceeds and properties relating to real-estate purchase and investment schemes involving the parties.  In the most general sense, the controversy concerns whether properties were purchased by Defendants individually on behalf of themselves or, conversely,

on behalf of their employers or beneficiaries and held in trust therefor.

After protracted proceedings, including arguments over disqualification of counsel and various and sundry ancillary procedural wranglings and recriminations, the parties entered into a one-hundred-and-seventy-page settlement agreement, which was adopted as an order of court entered on November 1, 2010. A dispute thereafter arose concerning compliance with the settlement terms, whereupon Plaintiffs, on March 17, 2011, filed a motion to enforce the settlement agreement, contending in pertinent part that Defendant Heywood Becker was obliged to convey his interests in a subject Delaware corporation, Hanoverian, Inc., as well as a Pennsylvania entity under a similar name. Defendants countered with a motion for sanctions, filed on April 15, 2011, arguing that Plaintiffs had failed to discharge their responsibilities under the settlement agreement in respect to, among other things, proper recordation of the deeds to the subject properties. Argument on both issues was scheduled on June 15, 2011, and, thereafter, on October 5, 2011, a rule setting a hearing date for October 25, 2011, was issued on the parties to show cause why a special master, identified by the Court, should not be appointed to implement the settlement agreement, with the parties to incur the expenses of the master's services.

At [the] hearing convened on October 25, 2011, Plaintiffs indicated they were now satisfied that the settlement agreement had been fully implemented and their motion was thus rendered moot. Defendants were represented by Ronald Clever, Esq., who was also proceeding *pro se*. Mr. Clever did not offer any legal authority or substantive evidence at the hearing to demonstrate why a master should not be appointed nor did he offer any evidence in support of the motion for sanctions. Instead, in an attempt to exalt form over substance, he contended, incorrectly, that the sole matter before the Court consisted of

> Plaintiffs' March 17, 2011, motion. (See N.T., 10/25/2011, at 5-6, 9-10.) Counsel refused to accede to the appointment of a master to address the convoluted morass presented by his motion for sanctions for alleged non-compliance with the 170-page settlement agreement. Accordingly, on the basis of the evidence presented at [the] hearing, the Court invited Plaintiffs to file a motion to declare the settlement agreement resolved. (See id. at 11.) On October 28, 2011, Plaintiffs filed such a motion. After receiving Defendants' response thereto on November 17, 2011, the Court on November 23, 2011, entered an order declaring the settlement agreement resolved and directing the clerk of judicial records to mark the matter settled, discontinued, and ended with prejudice.

Trial court opinion, 2/17/12 at 2-3. This timely appeal followed. Appellant complied with Pa.R.A.P. 1925(b), and the trial court has filed an opinion.

Appellant has raised the following issues for this court's review:

> A. When the court (**sua sponte**) has summoned the lawyers into court, to "show cause" why a "special master" should not be appointed to "implemen[t] the settlement agreement," is it error for the court – instead – to expect a party to be prepared (**then and there**) to litigate his motion (**and it is [sic] error to deem the motion "waived"**)?
>
> B. When the "settlement agreement" has obligations that continue into the future, and when there is a pending motion pointing out fraud by one of the parties and breach of those obligations, is it error to close the case (**especially** "with prejudice") (**and especially when the order to close the case arises out of the kind of "waiver" addressed in Argument Section "A" above**)?
>
> C. When deeds have already been signed, notarized, and delivered,

> . . . and when this was done, pursuant to a consent order,
>
> . . . and when this was done, pursuant to a stipulation (***in which each and every page of the deeds-to-be-signed had been initialed in advance by counsel for both parties***),
>
> . . . is it proper for the <u>grantee</u>/plaintiff to add extra pages – (pages designed to show the <u>grantor</u> making representations) (pages designed to fraudulently avoid real estate transfer taxes)?

Appellant's brief at 4 (brackets in original; emphasis in original; capitalization deleted).

At a hearing on April 15, 2011, appellant voiced his concerns that appellees were making changes to the deeds before filing. (Notes of testimony, 4/15/11 at 2-3, 17.) Counsel for appellee Bernie Enterprises, Inc., Craig T. Edwards, Esq., explained that some of the deeds were not accepted because appellant was not listed as the trustee. (***Id.*** at 4-5.) Therefore, Attorney Edwards inserted the word "trustee" in some of the deeds. (***Id.*** at 7.) Attorney Edwards also had to correct a deed that listed the wrong parcel number. (***Id.*** at 10.) According to Attorney Clever, however, Attorney Edwards had made material and substantial changes to the deeds before filing, including inserting trust agreements into them. (***Id.*** at 17.) The trial court expressed its impatience with the delay in

implementing the settlement agreement, and set a new hearing date of June 15, 2011:

> THE COURT: You guys come back on June 15[th], and you bring all the corrected deeds that you need to have signed in recordable form. And you bring your clients, and you guys are going to sit in this courtroom, and you are going to execute all of those documents, whatever it takes to get them done properly. I am not interested in anymore [sic] motions. I'm really not. I am interested in implementing an agreement that all of the parties agreed to in open Court under oath.

*Id.* at 14-15.

> I have got the date of June 15[th] on my calendar. We are going to keep the date. You guys get this thing resolved between now and then. To the extent that you don't, you come on back on June the 15[th], and I will decide whatever I have to decide, but I am telling you right up front, I have no patience for this, I really don't. And I am going to start imposing sanctions, including attorney's fees, if there are attorneys, and/or other kinds of fines; reimbursements, to implement what you all agreed to. Now go back and read the agreement, figure out what you have got to do under the agreement, and go ahead and do it.

*Id.* at 18.

On June 15, 2011, appellant again claimed that appellees had altered the deeds and inserted pages prior to recording them. (Notes of testimony, 6/15/11 at 23-27.) Attorney Edwards explained that he was required to file a trust agreement with the deeds and that appellees will pay any real estate transfer taxes due on the properties. (*Id.* at 39-41.) He noted that the settlement agreement contained an indemnification clause. (*Id.* at 39.)

Attorney Edwards denied that there were any substantive changes made to the deeds, except one in Bucks County which had the wrong parcel number. (*Id.* at 42-43.)

The trial court proposed appointing a special master, knowledgeable in real estate matters, to examine the deeds and recommend to the court whether any other filings needed to be made in order to comply with the parties' settlement agreement. (*Id.* at 48.) The trial court observed that the case had settled 1½ years prior and expressed its frustration with the parties' inability to execute the terms of the settlement agreement:

> If you think that I am going to sit here -- that I have the time to sit here, and to go through every one of those deeds, and to see whether they are in "substantial compliance" with what was part of the settlement agreement, I am not going to do that. I don't have that kind of time.

*Id.* at 47. "And it astounds me how this case hasn't been settled. And here we are almost what, a year-and-a-half, two years, past the settlement date, and we are still arguing about things -- about whether there was compliance with the terms of the settlement agreement." (*Id.*)

> Frankly, I have no confidence in the litigants doing any of this themselves, because you don't have any confidence in the other party doing it. We will be right back here again. I am astounded as to -- I will put it as charitably as possible -- the ineptitude that has really marked this case, and almost everything that has been done here, astounded by it. How difficult should this have been?

*Id.* at 48-49.

The trial court proposed that each side come up with an advance deposit of $10,000 to pay for a special master:

> So I have a pot of $20,000 to pay for the Master's time, to go over all of these things, to have the master re-draw the documents if anything has to be re-drawn, to have the master go ahead and file it, to have the master get a certified copy of it, and to get the master to get the receipt, and to provide it to everybody.  Anything short of that, I don't think is going to work.

*Id.* at 48.  Counsel for both sides agreed to the appointment of a special master.  (*Id.* at 53-55.)  Although co-counsel for appellant, Kevin T. Fogerty, Esq., balked at the $10,000 deposit, he agreed to appointment of a special master:

> MR. FOGERTY:  Judge, I am fine -- I don't know about the $10,000.  That's a little bit steep.
>
> THE COURT:  Someone is going to have to pay.
>
> MR. FOGERTY:  And I agree, and the only request I would make, is that the master should have the power to determine who was at fault for what happened --
>
> THE COURT:  I have no problem with that.
>
> MR. FOGERTY:  -- and there should be a shifting of that fee responsibility.
>
> THE COURT:  That may be, but someone is going to advance the money.

*Id.* at 53.

Similarly, although he disputed that there were any material changes made to the deeds, Attorney Edwards agreed to appointment of a special

master: "They are not substantive changes. But if the master needs to decide that, I am okay with that." (*Id.* at 55.) On October 5, 2011, the trial court issued a rule to show cause why Edward P. Sheetz, Esq., should not be appointed special master for purposes of implementing the settlement agreement reached between the parties, returnable October 25, 2011.

The parties appeared before the court on October 25, 2011. The trial court expressed confidence that Attorney Sheetz, an experienced real estate lawyer and counsel to a title company, would be able to "tie it up and get it resolved." (Notes of testimony, 10/25/11 at 3-4.) The trial court remarked, "And as I indicated back in June, I thought given the complexity of the issues that have to be addressed, and the numbers of deeds, and the history between the litigants and/or the attorneys, that you needed some outside help in order to consummate your settlement." (*Id.* at 3.) "I don't know what else to do. I am open to suggestions, but this case can't linger on like this. And so it's got to be dealt with." (*Id.* at 4.)

At that time, Attorney Clever suggested that the plaintiffs' motion to enforce the settlement was moot, as Mr. Becker had assigned his interest in Hanoverian, Inc., a Delaware Corporation. (Notes of testimony, 10/25/11 at 5.) Although Attorney Clever continued to insist that the recorded deeds were not acceptable, he stated that appellant's motion for sanctions, filed April 15, 2011, was not before the court. (*Id.* at 6, 9.) According to

Attorney Clever, the rule returnable only related to plaintiffs' motion to enforce the settlement. (*Id.* at 9.)

Patrick J. Reilly, Esq., counsel for appellee Donald Metzger, stated, "I thought we were here because the Plaintiffs [sic] weren't satisfied with deeds that were filed. I agree that the Hanoverian, Inc., issue is not an issue." (*Id.* at 6.) Attorney Edwards indicated his continuing willingness to put the issue before a special master: "That's why we were going to the Master, as I understood. And I am here today, to say we are perfectly happy to go to a Master; show every deed that we filed, that we did them appropriately and properly. And we are prepared to do so, Your Honor." (*Id.* at 7-8.) Attorney Clever, however, argued that sanctions are squarely a matter for the court, not a special master. (*Id.* at 10.) Attorney Clever objected to appointment of a special master. (*Id.*) At that point, the trial court indicated that it would entertain a written motion to declare the matter resolved and discontinue the case with prejudice. (*Id.* at 11.)

Appellant cites no authority for the proposition that a special master could not be appointed to help decide the issue; and, in fact, at the hearing of June 15, 2011, appellant agreed to appointment of a special master. *See In re Thirty-Fifth Statewide Investigating Grand Jury*, 112 A.3d 624, 633-634 (Pa. 2015) (Baer, J., concurring) ("When a court seeks to engage in fact-finding, it employs a special master. . . . The function of a special master is to gather necessary factual information, consider pertinent legal

questions, and provide the court with recommendations. Special masters operate as an arm of the court, investigating facts on behalf of the court and communicating with it to keep it apprised of its findings. . . .") (footnote omitted); *In re City of Pittsburgh*, 600 A.2d 630, 632 (Pa.Cmwlth. 1991) (holding that "[c]ourts historically possess the inherent authority to appoint masters to assist them in performing their various functions"). It was made abundantly clear at the hearing of June 15, 2011, that the trial court intended to address the allegations regarding appellees' alteration of the deeds by appointing a special master. Despite agreeing on the record to this course of action, counsel for appellant appeared at the October 25, 2011 hearing and objected to appointment of a special master. Nor was appellant prepared to move forward on his motion for sanctions, filed April 15, 2011. As the trial court states,

> As a review of the transcript of the October 25, 2011 hearing suggests, the Court and Plaintiffs were well aware that the purpose of the hearing was to address the need for, and the issues giving rise to, an appointment of a master to address any remaining dispute over compliance with the settlement agreement. Counsel's unwillingness to address those matters on the merits and failure to present any evidence in support of claims of non-compliance was thus deemed a waiver and the issues related to non-compliance with the settlement agreement by either Plaintiffs or Defendants were thus held to be resolved on the strength of the superior credibility of Plaintiffs as represented at the hearing on October 25, 2011. (See N.T., 10/25/2011, at 6-7 (representations as to steps Plaintiffs undertook in compliance with settlement agreement).)

- 10 -

Trial court opinion, 2/17/12 at 4. It is axiomatic that credibility determinations cannot be disturbed on appeal. Furthermore, as the above quotations from the hearings in this matter illustrate, the trial court was justifiably losing its patience with the parties' inability to comply with the terms of the settlement agreement. The trial court eventually proposed appointment of a special master to examine the deeds to determine whether they complied with the settlement agreement, to which both sides agreed. Then, inexplicably, Attorney Clever objected to appointment of a special master at the October 25, 2011 hearing and insisted that his motion for sanctions was not properly before the court. Under these circumstances, we cannot find the trial court erred in declaring the settlement agreement resolved and ordering the matter settled, discontinued, and ended with prejudice.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/17/2016